# Mayer *v.* Thompson-Hutchison Building Co., *et al.*

*Action to recover Damages for Personal Injuries.*

1. *Action for injuries suffered during construction of a building; liability of contractor for bricks falling from wall.*—In an action against a contractor to recover damages for personal injuries caused by bricks falling from the wall of a building being constructed by him, when it is shown that during the construction of the wall from which the bricks fell, the defendant erected and maintained. suitable scaffolds or safe-guards to prevent the bricks from falling, until the completion of the wall in a proper manner, and that after its completion the scaffold was removed to another part of the building where similar work was to be done, and after its removal, some person not in the employ of the defendant, or one of his employés whose duties did not call him in that part of the building, or who, at the time, was not acting under orders, or within the scope of his duties, or in the furtherance of the contractor's work, intentionally or heedlessly pushed bricks off of the wall which was completed, the failure to maintain the scaffold about the place where the bricks fell was not the proximate cause of the injury complained of, and the contractor is not liable therefor; and this is true although the said wall was only temporarily completed, and it was intended that other work should be done thereon.

2. *Same; same; charge upon the effect of the evidence.*—In such an action, it is error for the court in its charge to the jury to instruct them that "the undisputed evidence in this case shows that the wall had been completed within the meaning of the Supreme Court, and it was, therefore, not necessary for the defendant to maintain any

[Mayer v. Thompson-Hutchison Building Co., *et al.*]

safe-guard at that point;" such being a charge upon the effect of the evidence given by the court *ex mero motu*, which is forbidden by the statute, (Code of 1886, § 2754; Code of 1896, § 3326).

3. *Action against contractor for injuries caused by bricks falling from wall; admissibility of evidence.*—In an action against a contractor to recover damages for personal injuries caused by bricks falling from the wall of a building being constructed by the defendant, evidence of the cost of the scaffold and the materials to be used on the roof of the building are wholly irrelevant to any issue involved in the case, and is not admissible.

4. *Same; same.*—In such an action it is not permissible to allow the defendants to prove that one or more persons stood upon another wall of the building, similarly constructed to the one from which the bricks fell, without causing any of the bricks to fall.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This action was brought by the appellant, by his next friend, against the appellees, to recover damages for personal injuries. This is the second appeal in this case, and special reference is here made to the report of the case in 104 Ala. 611, as to the material facts disclosed upon the trial, which were substantially the same upon the second trial, from which this appeal is taken. The facts pertaining to the rulings of the court upon the present appeal are sufficiently shown in the opinion.

Upon the introduction of all the evidence, the court, in its general charge, instructed the jury as follows: "The undisputed evidence in this case shows that the wall had been completed within the meaning of the Supreme Court, and it was, therefore, not necessary for the defendants, or any of them, to maintain any safeguards at that point."

There were many charges requested by the plaintiff, to the refusal to give each of which he separately excepted, and there were many charges given at the request of the defendants, to the giving of each of which the plaintiff separately excepted; but under the opinion, on this appeal, it is deemed unnecessary to set them out in detail.

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SAM'L WILL JOHN, for appellant.—The very act of putting men to work on that wall, without any safe-

guard to protect plaintiff and others from heavy dangerous things that might fall on them, was a careless manner, a negligent manner, an improper manner, of building that wall; and the want of the safeguard threatened calamity to all persons about the building every moment that work on the wall was going on. The true doctrine governing this case is very concisely stated in Cooley on Torts, p. 723, side page 608: "So if one, in constructing a brick building abutting on a highway, shall put his servants to work without providing any protection against the accident of a brick falling upon passing travellers, he may be held responsible for such an accident, even if the servants have observed due care."—Smith's Whittaker's Negligence, pp. 58, 113; *Jager v. Adams*, 123 Mass. 26; Cooley on Torts, p. 799, and authorities in note; 2 Shearman & Redfield on Negligence, p. 580, § 702, note 1; p. 581, notes 1, 2 and 3; *Clare v. Bank*, 1 Sweeny (N. Y.) 539; *Ford v. Lyons*, 41 Hun. 512; *Mayer v. Thompson-Hutchison Building Co.*, 104 Ala. 611.

WALKER, PORTER & WALKER, *contra*, cited *Mayer v. Thompson-Hutchison Building Co.*, 104 Ala. 611.

COLEMAN, J.—This is the second appeal in this case. The first will be found reported in 104 Ala., p. 611. The law as then declared is applicable, except so far as there was additional evidence offered on the trial, and where different questions of law are presented in the present record.

The defendants were engaged in erecting a large brick building near a school academy at which the plaintiff attended as a pupil. Some of the brick fell from the top of the wall on the head of the plaintiff, inflicting severe and it seems permanent injuries. The action is to recover damages. In the former opinion we construed the two counts of the complaint, and having reference to the evidence then before us, used the following language: "The main question of inquiry may be stated as follows: Did the brick fall because of a defect in the construction of the wall or cornice? If so, the defendants are liable under the first count; otherwise they are not liable under this count. Was it from a want of skill, or of due care, or from heedlessness or recklessness on the

[Mayer v. Thompson-Hutchison Building Co., *et al.*]

part of some employè at the time engaged within the scope of his duties or employment, that caused the brick to fall, and not from a defect in the wall? If so, the defendants were liable under the second count of the complaint. On the other hand, were the bricks pushed off the wall by some employé, after the brick work of the wall had been completed in a proper and workmanlike manner, whose duties did not call him there, and who at the time was not acting under orders, or within the scope of his duties, nor in furtherance of his master's contract? If so, whatever may have been his motive or the inducement, the defendants are not liable. The duty to construct scaffolding in such a case is to afford security and protection during the erection of the wall. If the wall has been fully completed without injury, the failure to construct scaffolding can not be regarded as negligence proximately causing injury, if the injury was caused by the fall of a brick, intentionally or heedlessly pushed off the wall after its completion.''

On the former appeal the uncontroverted evidence showed, that the wall from which the brick fell, had been fully completed and that the defendants at the time were at work on a different part of the building. On the present appeal the evidence shows, that the wall had been completed for the time, that in its then condition, the carpenters were to place plates upon the wall, after which time, other bricks were to be put upon the plates ; and appellant contends, that these facts show that the wall was not completed, and defendants were not relieved from the duty of erecting and maintaining a scaffold as a protection. We cannot see that these facts impose additional liability upon the defendants. The negligence must be the proximate cause of injury to support the action. If the defendants had, in fact, erected a suitable scaffold and maintained it, until the completion of the wall in a proper and workmanlike manner, and then after its completion had removed the scaffold to another part of the building, where similar work was to be done, and after its removal, some person not in the employ of the defendants, or an employé, whose duties did not call him there, and who at the time was not acting under orders, or within the scope of his duties, nor in furtherance of his master's contract, had intentionally or heedlessly pushed the bricks off, it

could not be said that the failure to maintain the scaffold there was the proximate cause of injury resulting from the falling of the brick. We are of opinion that the law was correctly stated in the former opinion, viz., if the brick fell because of a defect in the construction of the wall or cornice, the defendants were liable under the first count of the complaint; or if the brick fell from a want of skill, or of due care, or from heedlessness or recklessness on the part of some employé at the time engaged within the scope of his duties or employment, the defendants would be liable under the second count of the complaint; but if there was no defect in the construction of the wall, and the defendants had completed the wall in a workmanlike manner, without injury to any one, and had removed to another part of the building, and some person, or intruder, or an employè, on his own responsibility, contrary to orders, and not in the discharge of any duty, nor acting within the scope of employment, pushed a brick off, certainly the failure to erect and maintain a scaffold was not the proximate cause which caused the brick to fall.

The meaning of the court in its oral charge, to which exception was reserved, was not clearly expressed and was calculated to confuse the jury. The statute forbids the court to charge the jury *ex mero motu* upon the effect of the evidence.—Code of 1886, § 2754, (Code of 1896, § 3326) ; *Moore v. Robinson*, 62 Ala. 537.

Evidence of the cost of a scaffold and the material of the roof was wholly irrelevant, and properly excluded.

There was some evidence tending to show that the cornice was not properly constructed. Whether this defect existed and caused the brick to fall was a question for the jury. The court, against the objection of the plaintiff, allowed the defendants to prove, that one or more persons stood upon a cornice of the building, which the evidence shows was constructed similar to the one from which the brick fell. The courts are not uniform in their decisions upon this character of evidence. According to the rule which prevails in this State, we are of opinion the court erred in the admission of the evidence. In the case of *Evans v. The State*, 109 Ala. 11, it was said : ''The evidence of the witness Napper —allowed against defendant's objection—that he had shot a pistol hole through a dry plank one time as an

[Martin v. Smith.]

experiment to ascertain the size of the hole made, as compared with the size of the ball which made it, as applicable to this case, is not distinguishable from like experiments denounced as improper and inadmissible in the case of *Tesney v. State*, 77. Ala. 33, and more recent of *Miller v. The State*," 107 Ala. 40. In the case at bar, one of the issues was whether the brick fell because of the improper construction of the wall and cornice. There was some evidence tending to this conclusion. In rebuttal the defendants were permitted to prove that a cornice of the building similarly constructed held up the weight of a man. The reasons for excluding the evidence in the one case are equally applicable to the other. The leading principles of law which control the merits of the case, seem to us so clear, we do not think there will be any difficulty in framing proper instructions for the jury on another trial.

Reversed and remanded.