# Costello *v.* Feagin, Judge.

### *Prohibition.*

(Decided May 24, 1909. Rehearing denied June 30, 1909.
50 South. 134.)

1. *Jury; Right of Trial by; Constitutional Guaranty.*—Section 11, Constitutional 1901, extends only to those cases, in which the right of trial by jury existed at the time of the adoption of that provision.

2. *Municipal Corporations; Ordinances; Power; Trial by Jury.*— A municipal corporation is not without power to pass an ordinance to prohibit the giving away or otherwise disposing of intoxicatng liquor upon the theory that it cannot convert an offense against the laws of the state into an offense against an ordinance of the city, thereby causing a denial of the right of trial by jury.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Petition by Morris Costello for a writ of prohibition to be directed to Judge N. B. Feagin of the inferior court of Birmingham, prohibiting him from trying a certain cause against petitioner for violation of a city ordinance. From a judgment denying the writ petitioner appeals. Affirmed.

A LATADY, for appellant. While the cases on the subject are in hopeless conflict appellant contends that under the limitations of section 11, of the Constitution of Alabama, this case stands without the influence of the confusion and that the indictability of the offense is the limitation beyond which the corporation cannot go, and that the facts out of which the offense arises cannot control. The state law, out of which the offense grows clearly recognizes the influence of section 8 of the Constitution.—Dillon on Munic. Corp. (4th Ed. sec. 368.) ; *Ex parte Bourjcoise,* 60 Miss. 663; Sec. 1222; Code 1907.

J. Q. SMITH, and H. A. LOCKE, for appellee. Section 11 cannot be extended to rights not existing at the time of its adoption.—*Bray v. The State,* 140 Ala. 172. An offense against a city ordinance is not a criminal act, but one of a quasi criminal nature.—*Mobile v. Jones,* 42 Ala. 630; *Goldthwaite v. Montgomery,* 50 Ala. 486; *Camden v. Block,* 65 Ala. 236. A prosecution under an ordinance is not a bar to a prosecution under the statute.—*Mobile v. Rouse,* 8 Ala. 515; *Mayor & Alderman v. Allaire,* 14 Ala. 400. On these authorities, a city may pass an ordinance punishing offenses covered by the state law.—See *Talladega v. Fitzpatrick,* 133 Ala. 613.

SAYRE, J.—This is an appeal from the judgment of the criminal court of Jefferson county denying a writ of prohibition. Petitioner had been arrested on a warrant which was based upon an affidavit charging that petitioner "did give away or otherwise dispose of spirituous, vinous, or malt liquor in violation of the state prohibition law and Ordinance 181, amending section 805 of the City Code of Birmingham, against the laws and ordinances of the city of Birmingham." The affidavit had been taken and the warrant issued by the clerk of the inferior criminal court of Birmingham. Upon his arrest petitioner demanded a trial by jury, and in order to avoid incarceration ad interim gave bail for his appearance on a future day in the inferior criminal court. In that court the petitioner moved that the warrant of arrest be quashed, and for his discharge, on the ground that the case presented was a charge under the laws of the state of Alabama, and that the court there had no jurisdiction to try the same; his theory being, as we understand his statement of it, that it was not within the competency of the city of Birmingham to convert an offense against the law of the state of Alabama into an of-

[Costello v. Feagin, Judge.]

fense against an ordinance of the city of Birmingham, with effect to deprive him of the right to trial by jury. The petition averred that the judge of the inferior court, having overruled his motion, proposed to proceed with the trial of petitioner under the affidavit as for a violation of the ordinance of the city. Wherefore petitioner prayed for a writ of prohibition to restrain the judge of the inferior court from proceeding farther to try petitioner as for an offense against the ordinance of the city of Birmingham.

Appellant concedes that section 11 of the Constitution (of 1901) gives no aid to his contention, for the reason that the guaranty of the right of trial by jury, given by that section, extends only to those cases in which the right existed at the time of the adoption of the provision. The petition quotes section 8 of the Constitution, which provides "that no person shall, for any indictable offense, be proceeded against criminally, by information," with exceptions not affecting his case, and the proviso to the same section in language as follows: "Provided, that in cases of misdemeanor, the Legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established" —and complains that, whatever power the Legislature may have to dispense with indictments in cases of indictable offenses, no municipal corporation has such power. The judge of the inferior court was proceeding in conformity with section 4 of the act establishing that court. —Acts 1894-95, p. 527 et seq. The validity of that act as a compliance with the proviso of section 8 of the Constitution (of 1901) is not questioned. The true meaning then, of appellant's contention, is that the municipality was without power to pass the ordinance under which he was being prosecuted, and this lack of power is predi-

13—162

cated upon the constitutional provision in question. As sustaining his position, appellant quotes Judge Dillon as follows: "A general grant of power, such as mere authority to make by-laws or authority to make by-laws for the good government of the place, and the like, should not be held to confer authority upon the corporation to make an ordinance punishing an act—for example, an assault and battery—which is made punishable as a criminal offense by the laws of the state." Treating of the constitutional question involved in the quotation from Judge Dillon, Judge Cooley remarks that the clear weight of authority is to the contrary, though the decisions are not uniform.—Const. Lim. (7th Ed.) 279, note.

But, whatever view the text-writers may take, the question is not open for debate in Alabama. The case of *Mayor of Mobile v. Allaire,* 14 Ala. 400, involved the validity of an ordinance of the city of Mobile which undertook to punish, as for an offense against the municipality, an assault and battery, committed within the city. Collier, C. J., said: "The object of the power conferred by the charter, and the purpose of the ordinance itself, was not to punish for an offense against the criminal justice of the country, but to provide a mere police regulation for the enforcement of good order and quiet within the limits of the corporation. So far as an offense has been committed against the public peace and morals, the corporate authorities have no power to inflict punishment, and we are not informed that they have attempted to arrogate it. It is altogether immaterial whether the state tribunal has interfered and exercised its powers in bringing the defendant before it to answer for the assault and battery; for whether he has been there punished or acquitted is alike unimportant. The offenses against the corporation and the state, we have

[Costello v. Feagin, Judge.]

seen, are distinguishable, and wholly disconnected, and the prosecution at the suit of each proceeds upon a different hypothesis. The one contemplates the observance of the peace and good order of the city. The other has a more enlarged object in view—the maintenance of the peace and dignity of the state." This case was decided in 1848, and has never been questioned. In *Withers v. State,* 36 Ala. 252, decided in 1860, which we quote as apropos of appellant's contention that he is being proceeded against criminally, it was said: "The tenth section (of article 1 of the Constitution of 1819) declares that in all criminal prosecutions 'the accused has the right to be heard by himself and counsel.' The common law definition of a crime, as given by Blackstone, is an act committed or omitted in violation of a public law (4 Black. Com. 3), and the term 'criminal prosecutions,' as employed in the Constitution, relates exclusively to prosecutions for violations of the public laws of the state. A city ordinance is not a public law of the state, but a local law of a particular corporation, made for its internal protection and good government. Moreover, if municipal cases before a mayor of a city or town were 'criminal prosecutions' in the sense of the Constitution, they would have to be carried on in the name of the state, and conclude 'against the peace and dignity of the same.'"

These decisions are conclusive of the appellant's case. There was no error in the ruling of the court below.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN. JJ., concur.