# Doby v. The State.

## Robbery.

(Decided March 23, 1917.   74 South. 724.)

1. **Robbery; Evidence; Res Gestae.**—Where the prosecuting witness testified that defendant and another, whom he had allowed to ride in his wagon, robbed him at the point of a pistol, evidence as to the request by such persons to ride was admissible as part of the res gestae.

2. **Appeal and Error; Review; Presumption.**—Where the record is silent as to the laying of a proper predicate for the admission of testimony, or does not affirmatively show that a proper predicate was not laid, it will be presumed on appeal that the predicate was sufficient.

3. **Evidence; Silence; Confession.**—Silence in the face of accusation of crime partakes of the nature of a confession, and is admissible as a circumstance to show guilt.

4. **Witnesses; Examination; Cross.**—Where a defendant was accorded full right of cross examination as to a certain issue, and the court correctly stated the evidence of the witness, the refusal of further cross examination as to what the court said, was not error; it being for the jury to determine what the witness had stated.

5. **Appeal and Error; Exceptions; Necessity.**—Where no exception was reserved to the action of the court in commanding defendant's counsel to resume his seat, that matter is not presented for review.

6. **Appeal and Error; Harmless Error; Action of Court.**—Where the record does not show that defendant was deprived of any rights when his counsel was commanded by the court to take his seat, but on the contrary, disclosed a tendency to continue to insist on his contention, such action of the court was harmless, if improper.

7. **Charge of Court; Effect of Evidence.**—Charges upon the effect of the evidence are violative of the provisions of § 5362, Code 1907, and may be refused without error.

[Doby v. The State.]

8. **Same; Alibi.**—Where a defendant relied upon an alibi, a charge asserting that the law placed on him the burden of reasonably establishing the defense and of so accounting for all of his time on the night of the offense as to have made it out of the question for him to have committed it, was erroneous.

9. **Same; Effect of Evidence.**—A charge which assumes that the testimony offered by a defendant to establish a defensive alibi was perjured, was erroneous.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. H. ALSTON.

Will Doby was convicted of highway robbery, and he appeals. Reversed and remanded.

The facts sufficiently appear. The following portions of the oral charge noted in the opinion are as follows:

E. Now, gentlemen, the question that is in this case, the pivotal point in it, I might say, is the identity of this man by Mr. Taylor, as being one of the two who robbed him upon the night that he said he was robbed.

S. Now, did he have time, from the time he left the barber shop to the time he was seen around the barroom, as testified to by some of these witnesses, to have gone to the place and committed the robbery, and have returned, I mean committed the robbery at the time Mr. Taylor testifies it was? Well, if he has not satisfied you of that fact, or if he has not accounted for all of this time, then I charge you he has failed in establishing the defense that he sets up here when he says—or starts in on this alibi.

V. I charge you that there is no testimony that has been offered in this case to impeach any one of these witnesses.

W. Every witness for the state, and every witness for defendant, stands before you today without any impeaching testimony.

X. There have been some contradictions as to the details of statements of those from some of the others, but this is not impeachment.

Y. There is nothing down there that has come to show that either witness for the state or witness for defendant has had his testimony impeached, or has been shown to be unworthy of belief.

O. Law puts upon this defendant the burden of reasonably establishing the defense of an alibi. It puts upon him the burden of so accounting for all of his time on that night up to the time

of the robbery, as to have made it out of the question for him to have committed the offense.

N. But the law says where an alibi is interposed and sought to be maintained by perjury, then it is a circumstance of great weight that the jury can consider in determining the guilt or innocence of the party who interposed it.

R. BEDDOW, and L. BERKOWITZ, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, P. J.— (1) The evidence offered by the state shows that the witness Taylor, while driving along the public road on the way home in a wagon, was accosted by two negroes, who requested witness to allow them to ride in his wagon. After they had gotten in the wagon and the witness had driven for some distance, one of the negroes got off the wagon and drew a pistol, commanding witness to hold up his hands, and the other negro searched Taylor and took from his person about $64 in money; and the evidence tends to show that the defendant and Jessie Breedlove were the guilty parties.

The request made by these negroes, whether by the defendant or Breedlove, was so intimately connected with the robbery as to make it a part of the res gestæ, and it was permissible for the witness to state that, "They asked me to let them ride."—*Lundsford v. State*, 2 Ala. App. 38, 56 South. 89.

(2) Before admitting the testimony of the witness Taylor relative to what occurred at the city hall when he was called to identify the defendant and Breedlove while they were in custody, the record shows that the jury was excused and the court, in the absence of the jury, "made investigation as to the admissibility of this testimony;" but it is not shown what evidence as a predicate for the admissibility of the testimony was offered. The record does not affirmatively show that a proper predicate for the admission of the testimony was not laid, and this court will assume that the predicate was sufficient.—*Whatley v. State*, 144 Ala. 75, 39 South. 1014; *Price v. State*, 117 Ala. 113, 23 South. 691; *Fortner v. State*, 12 Ala. App. 179, 67 South. 720.

(3) Whatever may be the rule elsewhere (see 1 R. C. L. p. 478, § 15), with us "silence in the face of pertinent accusation of crime partakes of the nature of a confession, and is admissible

as a circumstance to be considered by the jury as tending to show guilt," even though the person charged is in custody on the charge.—*Spencer v. State,* 20 Ala. 24; *Raymond v. State,* 154 Ala. 1, 45 South. 895. The rule is stated in *Rowlan v. State,* 14 Ala. App. 17, 70 South. 953.

(4) It appears from the record that the defendant was accorded his full right to cross-examine the witness Taylor as to the position the defendant occupied in the wagon; and it further appears that the court correctly stated the evidence of the witness on this point; and the refusal of the court to allow further cross-examination as to what the court said to the jury was not error.—*Swope v. State,* 4 Ala. App. 83, 58 South. 809; *Wray v. State,* 2 Ala. App. 139, 57 South. 144. The jury had heard the evidence, and it was their province to determine what the witness had said.

(5, 6) No exception was reserved to the action of the court commanding defendant's counsel to resume his seat, and nothing is presented for review on this account.—*Woodson v. State,* 170 Ala. 87, 54 South. 191. Furthermore, while it appears that the court ordered the defendant's counsel to resume his seat, it does not appear that the order was obeyed, or that the defendant was deprived of any right by this action of the court. To the contrary, the record shows that counsel continued to insist and made clear that it was his purpose to offer evidence impeaching the witness Saunders by showing contradictory statements with reference to immaterial matters. This was not permissible.—*Hickman v. State,* 12 Ala. App. 22, 67 South. 775.

(7) The exception to the oral charge indicated by the letters E, S, V, W. X, and Y are sustained. These portions of the charge are clearly on the effect of the evidence and in violation of the statute.—Code 1907, § 5362; *Mayer v. Thompson-Hutchison & Co.,* 116 Ala. 634, 22 South. 859; *L. & N. R. R. Co. v. Godwin,* 191 Ala. 498, 67 South. 675.

(8) The portion of the oral charge indicated by the letter O and to which exception was reserved does not correctly state the law as to the burden on the defendant to prove an alibi, but imposed on him "the burden of so accounting for all his time on the night up to the time of the robbery as to have made it out of the question for him to have committed the offense.—*Prince v. State,* 100 Ala. 144, 14 South. 409, 46 Am. St. Rep. 28; *Pellum v. State,* 89 Ala. 28, 8 South. 83; *Pate v. State,* 94 Ala. 14, 10

South. 665; *Albritton v. State,* 94 Ala. 76, 10 South. 426; *Hurd v. State,* 94 Ala. 100, 10 South. 528.

(9) The portion of the oral charge indicated by the letter N is open to the criticism that it assumes that the testimony offered by the defendant to establish his defense of alibi was perjured testimony, and was erroneous.—*Prince v. State, supra.*

Reversed and remanded.