(92 South. 409)

## HUTCHENS v. STATE. (6 Div. 412.)

(Supreme Court of Alabama. Jan. 12, 1922.)

**1. Homicide ⬡═276—Where evidence conflicting, question of guilt for jury.**

In a murder prosecution, where the state's theory was that defendant had followed his victim to his place of employment soon after defendant and the victim had elsewhere had a dispute and awaited his coming out of the shop, the evidence tending to show a lying in wait within Code 1907, § 7084, and defendant sought to justify his act as self-defense, the evidence being conflicting, the guilt of defendant was for the jury.

**2. Homicide ⬡═169(8)—Statements of victim within defendant's hearing shortly before shooting admissible.**

In a murder prosecution, evidence that the victim, about 15 minutes before the shooting, came into the shop greatly excited, and applied to witness for money to secure a pistol because defendant had threatened to kill him, witness stating that defendant was "peeping" in the shop door, within hearing, was admissible.

**3. Criminal law ⬡═404(4)—Victim's coat admissible in evidence.**

In a murder prosecution, the coat that was said to have been worn by the victim when he was shot was received in evidence without error.

**4. Witnesses ⬡═337(6)—No error in state's eliciting from defendant admission that he had once pleaded guilty to larceny.**

In a murder prosecution, there was no error in permitting the prosecution to elicit from defendant on cross-examination the admission that he had pleaded guilty to petit larceny.

**5. Homicide ⬡═339—No prejudicial error from exclusion of evidence where later admitted.**

Where defendant's witness in a homicide prosecution testified as to statements of the victim, made shortly before the homicide, within defendant's hearing, no prejudicial error arose from the court's having previously sustained an objection to questions not appearing to be designed to bring out such admissible matter.

**6. Criminal law ⬡═941(1), 958(1)—Refusing new trial for newly discovered evidence not error, where no affidavits and one ground pertained to cumulative evidence.**

Overruling a motion for new trial for newly discovered evidence, where two of the grounds were not supported by affidavits and one pertained to cumulative matter only, was not error.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Price Hutchens, alias, etc., was convicted of murder in the second degree, and he appeals. Affirmed.

In the examination of the witness McGlaun, he testified that he saw the deceased just a few minutes before the shooting, probably not more than five minutes; that he appeared excited, looked mad, and asked if some one had done something to him, and that witness stopped him and asked him some question when he passed on a few steps, and the witness was then asked if the deceased said anything to some one else. There was objection by the state, which was then sustained. In the further examination of the witness he was permitted to testify that deceased did not ask him anything, but asked another boy if he had a pistol, or if he would lend him a pistol, or something of that kind.

Robert G. Tate, of Birmingham, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

McCLELLAN, J. [1] The appellant has been convicted of murder in the second degree, and his punishment fixed at 50 years' imprisonment in the penitentiary. The man killed by appellant was Henry Taylor, another negro. The shooting took place on the sidewalk either immediately in front of Jones' tailor shop or pool room, or was near thereto. The state's theory was that the appellant followed Taylor to Taylor's place of employment at Jones' place soon after appellant and Taylor had had elsewhere some dispute or difficulty, that he awaited Taylor's coming out of the shop, the evidence tending to show a lying in wait within the statute (Code, § 7084), and that upon Taylor's leaving the shop and reaching the sidewalk appellant attacked Taylor and shot him. The appellant sought to justify his act in shooting Taylor on the ground of self-defense, testifying that without any previous or then present cause or excuse Taylor attacked him, shot at him several times, twice wounding him, whereupon appellant drew his pistol and killed Taylor during the encounter. It is manifest from the record that the guilt of the defendant was for the jury to decide from the conflicting evidence.

[2] Over defendant's objection the state was permitted to show by Jones that Taylor, about 15 minutes before the shooting, came into the shop greatly excited, and applied to him for money with which to buy a pistol because defendant had threatened to kill him, Jones testifying, in that connection, that defendant was "peeping" in the shop door, within hearing of Taylor's statements, at the time they were made. The

court held these statements admissible, it being made to appear that defendant was .within hearing of the statements, "peeping" in the door. There was no error in overruling defendant's objections to these matters.

[3] The coat that was said to ' have been worn by Taylor when he was shot was received in evidence without error. Kuykendall v. Edmondson, 200 Ala. 650, 77 South. 24.

[4] There was no error in permitting the prosecution to elicit from the defendant, on cross-examination, the admission that he had pleaded guilty to petit larceny, an offense involving moral turpitude.

[5] It appears from the bill of exceptions that the witness McGlaun was permitted to recite Taylor's request, when apparently angry, made of another, in McGlaun's presence about five minutes before the shooting, for a pistol, or the inquiry whether that person had a pistol, so, notwithstanding the court had previously sustained the state's objection to questions not then appearing, as did subsequently, to be designed to bring out such admissible matter, there was no prejudicial .error in rulings made during the examination of McGlaun.

[6] It was not error to overrule the defendant's motion for new trial, particular grounds referring to newly discovered evidence. Two of these were not supported in the affidavits, and one of them pertained to cumulative matter only.

The judgment is free from error; it is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.