196 So. 148

**MUSE v. STATE.**

**7 Div. 469.**

Court of Appeals of Alabama.

March 12, 1940.

Rehearing Denied March 26, 1940.

272

Motley & Motley, of Gadsden, for appellant.

Thomas S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Originally the indictment in this case contained two counts, both of which charged this appellant with the offense of robbery. After the close of taking the testimony, the court upon motion of the Solicitor entered a nol pros as to count one; the case was therefore tried under the second count of the indictment. Said count charged, omitting formal parts, that Holston Muse, whose name is unknown to the grand jury otherwise than as stated, feloniously took four dollars and ten cents ($4.10), in specie coin of the United States of America, the property of Oscar Glenn, from his person, and against his will by violence to his person, or by putting him in such fear as unwillingly to part with the same, contrary to law, etc.

Robbery, under the statute in this State, is a capital offense. Section 5460, Code 1923; and upon the trial of such a case the court must make an order for a special venire, as provided in Section 8644 of the Code 1923, unless such special venire is waived by the defendant entering a plea of guilty, or in writing waives the right of a special venire. In this case, the defendant pursued this course, and said waiver in writing, was duly entered of record.

The trial in this case resulted in the conviction of the defendant, the verdict of the jury being: "We the jury find the defendant guilty of robbery, as charged in the indictment and fix his punishment at 20 years imprisonment in the State penitentiary." Judgment of conviction was duly pronounced and entered, and the court sentenced the defendant to imprisonment in the penitentiary for a period of twenty years. From this judgment the defendant appealed.

The corpus delicti was fully proven without dispute or conflict, by the testimony of Oscar Glenn, the alleged injured party, who also testified as to the identity of the perpetrator of the robbery, and testified positively that this appellant was the person who committed the offense.

The first several exceptions reserved to the rulings of the court upon the admission of testimony, relate to the identification of appellant, by Glenn, at the county jail on the next night after the robbery wherein he, Glenn, was permitted to testify that eight or ten prisoners in the jail were lined up for his inspection for the purpose of ascertaining whether or not the man who had robbed him was among them. That he immediately identified this appellant as being the man and witness

pointed him out and stated "that is the man." Others, who were present, officers of the law, were permitted to testify as to what was said and done on that occasion, this in corroboration of the testimony of witness Glenn. It affirmatively appears, that the testimony allowed, over the objection of defendant, disclosed conclusively that all that was said and done on that occasion was in the presence and hearing of the defendant, who made no denial of the accusation that he was the identical person who committed the robbery. Under the oft announced rule of evidence this testimony was clearly admissible, and the exceptions to the rulings of the court in this connection cannot be sustained. Silence in the face of pertinent and direct accusation of crime, partakes of the nature of a confession, and is admissible as a circumstance to be considered by jury, as tending to show guilt, even though the person charged is in custody on the charge. Doby v. State, 15 Ala.App. 591, 74 So. 724; 6 Alabama Digest, Criminal Law,⚖️407 (1).

■█ On cross-examination of the defendant, the Solicitor asked him the following question: "Now I will ask you, Holston, if in June, 1935, you were convicted in the courts here in Gadsden for petit larceny, and served a sentence?" The defendant objected to the question upon several grounds, and the court overruled the objections. No exception was reserved by the defendant to this ruling of the court, hence there is nothing to review in this connection. The extended arguments in brief by counsel for appellant, and also by the Attorney General, were evidently based upon the assumption that an exception was reserved to the action of the court in overruling defendant's objection. Such assumption is without foundation, however, for it affirmatively appears from this record, as stated, no exception to this ruling was reserved.

█ After the evidence was closed, the defendant made a motion to exclude the evidence of defendant having been convicted in the police court on the grounds there was higher and better evidence, and that it was immaterial, illegal, irrelevant, and incompetent. The court overruled the motion and defendant excepted. We may pretermit the insistence that the foregoing motion came too late; for the action of the court must be sustained there being no semblance of proof in this record that the conviction of the defendant for the offense of larceny was as for the violation of a city ordinance. The defendant gave an affirmative answer to the question propounded to him, supra, if in June 1935, you were convicted in the courts here in Gadsden for petit larceny, and served a sentence. This court takes judicial knowledge of the existence of the several State courts "in Gadsden," and the presumption will be indulged that no error prevailed in the ruling of the court complained of in this connection. Moreover, so far as it appears and so far as this court may know from the record, the court wherein the admitted conviction was had may have been acting under the provisions of section 1945 of the Code 1923, which invests recorder's court with concurrent jurisdiction with the county court or courts of like jurisdiction, in cases of the nature inquired into in the instant case. Under the Statute (sections 7722 and 7723 of the Code 1923) it was competent to examine the defendant on cross-examination touching his conviction of the crime of larceny, which involves moral turpitude, and his answers were subject to be contradicted by other evidence, and if, as here he answered, that he had been convicted of such crime, it was unnecessary to examine other witnesses to contradict him, as his own evidence tended to impeach him without other evidence to do so. Furthermore, we are of the opinion, in view of the positive and direct testimony as to the specific crime charged in the indictment having been committed, without dispute or conflict; and likewise the positive and direct testimony of Glenn, the injured party, and other evidence of like import, that this appellant is the identical person who committed the offense; that the evidence complained of as herein discussed, could have worked no injurious harm to the substantial rights of the accused with the jury trying this case. Sup.Ct. Rule 45; Turner v. State, ante, p. 13, 191 So. 392, certiorari denied, 238 Ala. 352, 191 So. 396.

█ The remaining question on this appeal has reference to an exception reserved to a certain portion of the court's oral charge to the jury wherein the court gave proper instructions on the law of

274

flight. Appellant's insistence is to the effect that said portion of the oral charge was abstract, in that, there was no question in this case of flight, and no testimony tending to show that the defendant at any time resorted to flight. In this connection the able and earnest counsel for the appellant is in error. By reference to the record it is ascertained that there is the question of flight incorporated in the evidence in this case. Glenn, testified in substance, that after the defendant took his pocket-book with the money therein, and after he hollered the second time for his wife to bring his gun the defendant whirled and run. There was testimony of other witnesses to the effect they saw a man run from Glenn's place of business after hearing him holler and at the time of the robbery. The fact that the defendant was apprehended the next day, and that he had not fled from the City of Gadsden, where the crime was committed, is wholly immaterial, in that there can be no set or specific time necessary to constitute flight, and the distance the accused ran before he was apprehended is also immaterial.

On the trial the defendant denied all connection with the commission of the robbery complained of, and while his testimony tends to show he was in the neighborhood of where and when the crime was committed, yet he stated and offered testimony of several witnesses to the effect that he was at another place, in the home of a friend engaged in a game of cards. This conflict in the evidence made a jury question.

The affirmative charge was not requested, but the court gave at the instance of defendant this charge: "The court charges the jury if they are not convinced beyond a reasonable doubt of the defendant's guilt they should find the defendant not guilty." The court would have been justified in refusing said charge as it was not predicated upon the consideration of the evidence, but in giving said charge, of course this appellant has no ground for complaint.

No motion for a new trial was made. The record proper is regular and without apparent error. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.