40 So.2d 90

**STEPHENS v. STATE.**

**4 Div. 531.**

Supreme Court of Alabama.

April 21, 1949.

Jas. M. Prestwood and A. R. Powell, Jr., both of Andalusia, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

LAWSON, Justice.

The appeal is from a conviction of murder in the second degree, with punishment fixed at imprisonment for twenty-five years.

This is the second appeal. We reversed the former conviction. Stephens v. State, 250 Ala. 123, 33 So.2d 245.

 It is unnecessary to set out here the tendencies of the evidence for the State and the defendant. Suffice it to say that the evidence found in the record on the present appeal is substantially the same as that set forth in the former opinion. The defendant did testify on the second trial, but his evidence was to the same effect as that of the witnesses who testified in his behalf on the first trial. The defendant's wife, who testified in his behalf on the first trial, did not testify at the trial here reviewed.

The case was for the jury on the evidence adduced, and the affirmative charges requested in writing were refused without error. Stephens v. State, supra.

 The trial court did not err in permitting the State to show that in April, 1946, prior to the killing in October, 1946, the defendant threatened the life of deceased. Shelton v. State, 217 Ala. 465, 117 So. 8.

 A son of the deceased testified on behalf of the State to the effect that at the time of the fatal difficulty between deceased and defendant, he saw a knife in defendant's hand. On cross-examination he was interrogated as to his testimony on the former trial. He admitted that on the former trial he answered the following question in the negative: "Did you see any weapon at that time, during any time did you see any knife or weapon?" It was not error to permit this witness on re-direct examination to testify that on the former trial he understood that he was asked as to whether his father (the deceased) had a knife. Pollard v. Rogers, 234 Ala. 92, 173 So. 881. In Campbell v. State, 23 Ala. 44, 76, it was said:

"It is a well established rule of law, that where a witness has been cross-examined respecting his former statements with a view of impairing his credit, the counsel who called him has the right to re-examine him, so as to afford him an opportunity of explaining such statements * * *."

 Miss Lucile Wilkerson, a neighbor of deceased, was a witness for the State. She testified that she saw the fatal difficulty and related the details thereof. The defendant's witness Horace Jackson testified that Miss Wilkerson was at her home, some distance from the scene of the difficulty, at the time it occurred. The trial court refused to permit the witness Jackson to answer the following question asked by counsel for defendant: "I will ask you if it is a fact just a few minutes prior to the time of the fight, you went down to her house and bought from her, immediately preceding the fight, a quart of wine?" Reversible error does not appear in this connection. Stephens v. State, supra. Moreover, the same witness was thereafter permitted to answer substantially the same question on re-direct examination.

 Appellant strenuously insists that the trial court erred to a reversal in permitting the State on cross-examination of defense witnesses Jackson and Scott to show that they had been confined in jail with the defendant. The rule is well established that a witness cannot be impeached by merely showing that he has been in jail. Bell v. State, 170 Ala. 16, 54 So. 116; Eden v. State, 24 Ala.App. 37, 129 So. 797; Lee v. State, 20 Ala.App. 334, 101 So. 907, certiorari denied, Ex Parte Lee, 212 Ala. 135, 101 So. 909; Sparks v. State, 32 Ala.App. 450, 27 So.2d 508, certiorari denied, 248 Ala. 360, 27 So.2d 510. But the fact that a witness has been in jail should not operate to prevent the adverse party from cross-examining him thoroughly as to his interest, bias, and connection with the party for whom he testifies.

Neither of these witnesses had testified on the former trial. Their testimony was of a nature highly beneficial to the defendant. They denied having ever discussed with the defendant the facts about which they testified. Under such circumstances we think the State was entitled to show that these witnesses were friendly with the defendant and were in touch with him prior to the first trial. Such proof should not be withheld because of the fact that it also shows that the witnesses had been confined in jail with the defendant. Although not directly in point, we think the

conclusion reached here finds support in the case of Higdon v. State, 25 Ala.App. 209, 143 So. 213.

There was no error in permitting the prosecution to elicit from the defendant, on cross-examination, the admission that he had been convicted of petit larceny in the State of Florida. Petit larceny is an offense involving moral turpitude. Hutchens v. State, 207 Ala. 126, 92 So. 409. The admissibility of this evidence for the purpose of touching or affecting the credibility of the defendant was not affected by the fact that the conviction occurred in Florida. Dickey v. State, 32 Ala.App. 413, 26 So.2d 532; Williams v. State, 28 Ala.App. 481, 189 So. 81, certiorari denied, 238 Ala. 40, 189 So. 84.

When counsel for the State questioned the defendant as to such conviction in Florida, counsel for defendant objected on the ground that petit larceny was not a crime involving moral turpitude. To this statement counsel for the State replied, "Petit larceny involves moral turpitude even if it is just one cent. That is dealing in stealing." Objection was made to the last remark of the solicitor and a mistrial moved for because of it. Mistrial was denied but the court excluded the statement from the jury and instructed the jury not to consider it.

It is insisted that the failure of the trial court to grant the motion for mistrial was reversible error. We cannot agree. Counsel for the State had the right to reply to the statement of defendant's counsel that petit larceny was not an offense involving moral turpitude. If his reply was so phrased as to be improper we think any possible injury to the defendant was eradicated by the trial court's action.

While cross-examining defense witness Jackson, counsel for the State asked the following question: "Do you recall the fact that Alex Stephens was tried once before in this court, and got a forty-year sentence?" The trial court sustained the defendant's objection to the question but overruled his motion for a mistrial.

Under the issues in this case, we think the solicitor's question called for illegal testimony. But the defendant's objection to the question was sustained. A mistrial will not be ordered on the motion of the defendant on account of illegal questions asked by the solicitor, where the court sustained the defendant's objection, unless it clearly appears that the rights of the defendant have been so prejudiced as to render a fair trial a matter of grave doubt. Pruitt v. State, 22 Ala.App. 353, 115 So. 698. We cannot say that the mere asking of this question so prejudiced the defendant that grave doubt exists as to whether or not he received a fair trial.

In his argument to the jury, the "assistant" solicitor made the following statement: "I submit to you that a twice-convicted thief is not entitled to consideration. You might give a man one more chance, but there is no reason why any decent, law-abiding man should give a thief a chance after he is twice convicted." The defendant excepted to the court's action in overruling his objection to this argument.

The testimony elicited from the defendant to the effect that he had been convicted of larceny on two occasions was admissible in evidence only as affecting his credibility as a witness, and it should not have been used for any other purpose. We think it clear that the purpose and effect of the language used by the assistant solicitor, to which the defendant duly objected, was to insist upon its misappropriation by the jury and to its use by them as evidence of the defendant's guilt of the charge for which he was being tried. Such an argument is calculated to appeal to the not unnatural belief of the jury that a person who is guilty of one or more serious transgressions of the law is likely to have committed another. See Underhill's Crim. Ev., 4th Ed., § 180.

The Attorney General insists that the trial court's action in overruling the defendant's objection to this argument finds support in the following cases from this jurisdiction: Grissett v. State, 241 Ala. 343, 2 So.2d 399; Mickle v. State, 226 Ala. 616, 148 So. 319; Johnson v. State, 134 Ala. 54, 32 So. 724.

In Grissett v. State, supra, the solicitor merely referred to what the evidence

showed as to the defendant's prior conduct, without in any wise indicating that because of such prior conduct the defendant should be convicted of the crime for which he was on trial. In Mickle v. State, supra, the argument of the solicitor as to the defendant's prior conviction was directed at the matter of the credibility of the defendant as a witness. We think that the argument of the solicitor here considered was much more prejudicial to the defendant than that which was held not to be improper in the case of Johnson v. State, supra.

We are of the opinion that the trial court erred in overruling the defendant's objection to this argument of the assistant solicitor. McClure v. State, 100 Tex.Cr.R. 545, 272 S.W. 157; Meyers v. State, 113 Tex.Cr.R. 26, 19 S.W.2d 317. It is not necessary to seek corrective action on the part of the trial court to have this court review the trial court's action in overruling an objection interposed to argument of counsel. Stephens v. State, supra, and cases there cited.

For the error pointed out, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.

BROWN and FOSTER, JJ., dissent, being of the opinion that the trial court did not commit reversible error in overruling the defendant's objection to the argument of the solicitor. They are of the opinion that such action of the trial court is fully supported by the case of Johnson v. State, 134 Ala. 54, 32 So. 724.