88 So.2d 577

Otelia PERRY

v.

CITY OF BIRMINGHAM.

6 Div. 101.

Court of Appeals of Alabama.

April 17, 1956.

Rehearing Denied May 8, 1956.

Morel Montgomery, Birmingham, for appellant.

J. Reese Johnston, Jr., Birmingham, for appellee.

PRICE, Judge.

Appellant was first convicted in the Recorder's Court of the City of Birmingham for a violation of an ordinance of that City, to wit: Section 707 of the General Code of the City of Birmingham, Alabama of 1944, which reads as follows:

"Sec. 707. Liquor not sold by Alcoholic Beverage Control Board.

"It shall be unlawful for any person to sell, offer for sale, serve, dispense, or have in possession or custody for any purpose, any liquor which has not been sold by the Alabama Alcoholic Beverage Control Board, except that possession or custody, for consumption only, of not more than one quart of liquor purchased pursuant to the laws of a foreign State shall not be unlawful."

On appeal from this conviction to the Circuit Court of Jefferson County she was again found guilty and assessed a fine of twenty-five dollars.

In the circuit court the case was presented on an agreed statement of facts, to the effect that H. G. Donaghue, a police officer of the City of Birmingham, went to the home of Otelia Perry, located at 316 14th Street North in the City of Birmingham at 11:20 P. M. April 3, 1954. Appellant was arrested at this time and place.

Before evidence was given concerning an alleged violation of the law, the voir dire examination of the witness showed that neither officer Donaghue, his associate officer nor any other person at the said time and place had a search warrant.

Over defendant's objection and exception, the court received evidence that the officers, looking through a parting of the curtain at the kitchen window, saw on a table a one-gallon jug of white liquid resembling illegal whiskey. There were three glasses on the table by the jug, the jug was open and sitting beside the jug was a jar containing a brown liquid. Officer Holt went to the front door and knocked, while officer Donaghue continued to watch through the kitchen window. Before appellant would let officer Holt enter the house she came back and poured the brown liquid into the gallon jug, the brown liquid being a texide cleaner. Upon entering the house the officers found a smell of illegal whiskey in the three glasses by the jug. They took possession of the jug and an analysis of its contents showed the liquid to be 38 point 32 per cent ethyl grain alcohol by volume and that the contents was a liquor not sold by the Alabama Alcoholic Beverage Control Board, and therefore unlawful to have in possession for any purpose.

No evidence was offered in defendant's behalf.

The assignments of error are all directed to the court's action in admitting and refusing to exclude the testimony obtained on a search of defendant's house without a search warrant, which evidence, appellant contends, was inadmissible and illegal under the provisions of Section 210 of Title 29, Code 1940, as amended. Said section provides:

"Search warrants for the seizure of liquors and beverages that are prohibited to be sold or otherwise disposed of in this state, together with the vessel or other receptacle in which they are contained, may be issued as hereinafter prescribed; and proceedings may be had to secure the destruction of such liquors, beverages, vessels, and receptacles upon the grounds and in the manner provided in this article. No evidence obtained by means of an illegal search of the private dwelling of any person shall be admissible in any court in the prosecution of any person for violating any of the provisions of this title. A search is deemed illegal unless, (1) a valid search warrant has been issued in full compliance with law, including section 214 of this title, and such warrant is executed according to law."

■ Appellee insists that the provisions of said Section 210, supra, apply only to prosecutions for the violations of Title 29, and not to any prosecutions brought under the laws of a separate sovereignty. We are of the opinion there is merit in such contention.

■ It is well settled that offenses against a municipality and the State " 'are distinguishable, and wholly disconnected, and the prosecution at the suit of each proceeds upon a different hypothesis. The one contemplates the observance of the peace and good order of the city. The other has a more enlarged object in view—the maintenance of the peace and dignity of the state.' " Costello v. Feagin, 162 Ala. 191, 50 So. 134, 135.

■ "The violation of a municipal ordinance or regulation is not a crime or criminal offense against the state, but only against the municipal corporation enacting the ordinance or regulation." City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402, 405.

This principle is illustrated by the rule that when an act is in violation both of a City ordinance and a State statute, a prosecution by one sovereign will not be a bar to a prosecution by the other. See Ala. Dig., Criminal Law, ☞ 201 for innumerable citations of authority.

■ " 'Constitutional and statutory provisions, having reference to criminal prosecutions by the State, are not applicable for violation of municipal ordinances, unless otherwise provided by statute or constitutional provision.' " City of Mobile v. McCown Oil Co., supra.

■ The fundamental rule is that where language used in a statute is clear and unambiguous, the clearly expressed intent must be given effect, and there is no room for construction. White v. City of Decatur, 25 Ala.App. 274, 144 So. 872, certiorari denied 225 Ala. 646, 144 So. 873, 86 A.L.R. 914; Dixie Coaches, Inc., v. Ramsden, 238 Ala. 285, 190 So. 92; May v. Head, 210 Ala. 112, 96 So. 869.

The clear and unequivocal language of Section 210, supra, limits the operation of said section "to prosecutions for violations of Chapter 29, relating to intoxicating liquors." Morales v. State. ante, p. 400, 85 So.2d 153, 154.

■ The prosecution here was for a violation of a municipal ordinance and not for a violation of any of the provisions of Title 29. The following provisions of the Birmingham City Code, 1944, do not, as contended by appellant, operate to make this a prosecution for a violation of the provisions of said Title 29.

"Section 866, it shall be unlawful for any person to violate within the City or within the Police Jurisdiction thereof, any law of the State of Alabama, now or hereafter enacted, the violation of which is a misdemeanor under State law."

"Section 692, as used in this Chapter, the terms 'liquor,' * * * etc. shall have the same meanings, respectively, as are assigned to them in Code 1940 Title 29, Section 1 * * * the term 'liquor licensee' shall mean a person licensed by the Alabama Alcoholic Beverage Control Board to sell * * *", etc.

The judgment of the trial court is affirmed.

Affirmed.