104 So.2d 300

**Thomas BARBOUR**

v.

**CITY OF MONTGOMERY.**

3 Div. 17.

Court of Appeals of Alabama.

June 17, 1958.

Dean, Hamilton & King, Montgomery, for appellant.

Walter J. Knabe, Montgomery, for appellee.

CATES, Judge.

This case comes before us on the three following assignments of error:

"1. The Trial Court erred in over-ruling appellant's written motion to suppress the evidence.

"2. The Trial Court erred in over-ruling appellant's motion to exclude all the testimony of C. J. Maggelet.

"3. The Trial Court erred in over-ruling appellant's motion to exclude the prosecution's (City of Montgomery) on the ground that it was evidence illegally obtained without a search warrant."

The appellant here seeks a distinction between the instant case and that obtaining in Perry v. City of Birmingham, 38 Ala.App. 460, 88 So.2d 577.

Barbour, according to the evidence, was arrested for possessing moonshine whiskey after having been arrested in a private house at 640 Malvern Street in the City of Montgomery. The arrest took place without the benefit of a search warrant.

The City of Montgomery has adopted an ordinance, the pertinent portion of which reads as follows:

"It shall be unlawful for any person in the City to do any act or thing prohibited by, or to fail, refuse or omit to do any act or thing required by the terms of the Alabama Beverage Control Act [Code 1940, Tit. 29, § 1 et seq.], or to do any act or thing prohibited by, or to fail, refuse or omit to do any act or thing required by any prohibition law of the state enacted to promote temperance and suppress the evils of intemperance."

The appellant is here confined to matters raised by his assignments of error, all of which go only to the lawfulness of the search and seizure.

In Perry v. City of Birmingham, supra, we held that the provisions of Code 1940, T. 29, therein referred to. (§ 210, as amended), applied only to violations of the State prohibition statute.

Barbour here argues that by virtue of the broad provisions of the above quoted ordinance, the City of Montgomery has restrained its policemen to the same extent that the State peace officers are restrained by the Act of the Legislature.

**492**

We consider the above quoted ordinance to be void for two reasons:

*First,* § 1 of the "Alabama Beverage Control Act" (Acts 1936–37, Ex.Sess., p. 40) has been repealed by operation of the last sentence of Code 1940, T. 1, § 9, Dew v. Cunningham, 28 Ala. 466, Bales v. State, 63 Ala. 30, Fore v. Alabama State Bridge Corp., 242 Ala. 455, 6 So.2d 508, Jefferson County v. Dockerty, 249 Ala. 196, 30 So.2d 474.

*Second,* unlike its earlier form (see City of Montgomery v. Davis, 15 Ala.App. 606, 74 So. 730, certiorari denied Ex parte Davis, 200 Ala. 436, 76 So. 368), the Montgomery ordinance no longer restricts its adoption of State offenses by reference to misdemeanors only. Title 29 includes felonies, e. g., §§ 131, 187. The inclusion of a felony as a municipal offense renders the ordinance void. Kreulhaus v. City of Birmingham, 164 Ala. 623, 51 So. 297, 26 L.R.A.,N.S., 492; Thompson v. City of Sylacauga, 30 Ala.App. 72, 200 So. 795, Amendment 37, Constitution; see Walker v. Bridgeforth, 9 Ala.App. 257, 62 So. 323.

This being true, the purported limitation on the power of the officers does not exist, since it must derive from the void ordinance. Moreover, on this appeal the plaintiff has raised no question which goes to the validity of the ordinance, although he did in the court below.

Affirmed.

104. So.2d 301

Walter J. Knabe, Montgomery, for appellee.