300 So.2d 396

Laura **BIRMINGHAM**

v.

**Honorable James H. EVANS, as Judge of the Municipal Court of the City of Montgomery, Alabama.**

**3 Div. 224.**

Court of Criminal Appeals of Alabama.

March 19, 1974.

Rehearing Denied May 7, 1974.

Walter J. Knabe, Montgomery, for appellee.

Henry C. Chappell, Jr., Montgomery, for appellant.

HARRIS, Judge.

In this case we are called upon to decide whether one accused of violating an ordi-

nance of a municipality is entitled to a jury trial upon demand.

On the 28th day of February, 1973, a warrant was issued by an Assistant Clerk of the Municipal Court of the City of Montgomery charging appellant with the offense of petit larceny (shoplifting in this case) in violation of Chapter 24, Section 24-40, City Code of Montgomery, Alabama 1964. When the case was called for trial in the Municipal Court, the accused filed a written demand for a jury trial. The Municipal Court Judge then denied the demand for trial by a jury and filed the following order:

"The defendant's demand for jury trial in the above styled cause is hereby denied. The case having involved a violation of a city ordinance, and not a state statute."

Following this denial appellant filed a petition in the Circuit Court of Montgomery County for a Writ of Mandamus or alternatively for a Writ of Certiorari, the prayer of which reads as follows:

"1. Your Honor will grant an alternative writ of mandamus or a Rule NISI, directed to the said James H. Evans, as Judge of the Municipal Court of the City of Montgomery, Alabama, returnable to the Circuit Court of the Montgomery County, Alabama ordering and commanding the said James H. Evans, as such Judge of the Municipal Court to grant the Petitioner's Motion for Jury Trial and to order the Clerk of said Municipal Court to take appropriate action to transfer this cause to the Circuit Court of Montgomery County, or to appear at a time directed by Your Honor and show cause why he should not do so; or,

"2. That Your Honor will grant Petitioner a Writ of Common Law Certiorari in the said cause directed to the said James H. Evans, as Judge of the Municipal Court of the City of Montgomery, Alabama for the removal of the said cause and his ruling denying jury trial to the Circuit Court of Montgomery County, Alabama, in order that justice may be done in the premises.

"3. Petitioner respectfully prays for any, other and further relief, and for such other and further orders and judgments to which she may be entitled under the facts above alledged (sic)."

A Judge of the Circuit Court directed the Clerk to issue the Rule Nisi to the Judge of the Municipal Court commanding him to appear before the Court on a date specified therein, "and to show cause, if any he can, why a Writ of Mandamus should not be awarded to the said Petitioner as prayed for in her petition as aforesaid."

After a hearing on the petition in the Circuit Court, the following decree was entered:

"This day came the parties by their attorneys and issue being joined between the parties and after hearing the evidence, the Court being of opinion, it is considered and ordered by the Court, and it is the judgment of the Court, that judgment be and the same is hereby rendered in favor of the defendant. It is therefore, considered, ordered and adjudged by the Court that the petition for writ of mandamus is hereby denied and certiorari is hereby denied."

The case is in this Court on appeal from the decree of the Circuit Court denying the petition for writ of mandamus.

Trial by jury is the bulwark of a democracy and is an integral part of our Anglo-American heritage and regime of ordered liberty. This is a right guaranteed by both the Federal and State Constitutions and must always remain inviolate. To lose this sacred and precious right will relegate America's keen sense of justice to the whim and sometimes caprice of a single judge or group of judges, sometimes learned in the law and sometimes biased or eccentric.

The Supreme Court of the United States in treating this great constitutional guaranty has drawn a fine line between "petty" and "serious" crimes in determining when a jury trial is a matter of right and when it may be constitutionally denied. That Court holds that in "serious" crimes the right to trial by jury cannot be denied, but that in "petty" crimes the right may be withheld. In determining what are "serious" crimes the court has applied the criteria or factor involving the maximum punishment and the length of the sentence to establish the line of demarcation between "serious" and "petty" offenses. Duncan v. Louisiana, 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L.Ed.2d 491, 544.

In *Duncan* the court held that in offenses where the sentence is six months or less the right to trial by jury may be constitutionally denied.

■ In Alabama petit larceny is a crime involving moral turpitude. Hutchens v. State, 207 Ala. 126, 92 So. 409; Muse v. State, 29 Ala.App. 271, 196 So. 148; Stephens v. State, 252 Ala. 183, 40 So.2d 90.

Any crime involving moral turpitude is a "serious" offense as the stigmatism attached to such a conviction goes on one's record and follows him through life. Only a pardon can wipe the slate clean. A jury trial by one's peers would be preferable at the first trial, but that is not within the statutory scheme for violations of city ordinances in this state.

The Sixth Amendment to the Constitution of the United States provides,

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

Section 11 of the Constitution of Alabama 1901 simply provides, "That the right of trial by jury shall remain inviolate."

■ However, the Sixth Amendment has been made obligatory upon the states by the Fourteenth Amendment.

■ The right to a jury trial for violating city ordinances is not an open question in Alabama. We have held that the constitutional and statutory provisions, having reference to criminal prosecutions by the state, are not applicable to the violations of municipal ordinances.

The power and authority of a recorder or judge of a municipal court to try and punish any person for violation of any by-law or ordinance is codified in Section 586, Title 37, Code of Alabama 1940, as last amended.

Appeals from such court to the circuit court or court of like jurisdiction are provided for in Section 587 of Title 37.

■ The right to a jury trial on such an appeal is optional with the accused. Section 587 provides, in pertinent part,

"* * * The case appealed shall be tried *de novo* in such court, and the judge or *jury* trying such cause is authorized to impose upon the person convicted such punishment by fine, or imprisonment in the city jail, or other place of confinement, or hard labor for the city, or by fine and imprisonment, as the court or *jury* may deem proper and is authorized by law or ordinance for such offenses. * * *" (emphasis added).

If a jury trial is desired on appeal to the circuit court a demand therefor must be made at the time of executing the appeal bond. The municipality from which the appeal is taken has no right to demand a

jury trial. Ex parte Hall, 255 Ala. 98, 50 So.2d 264.

The constitutional right of trial by jury does not extend to trials for violation of city ordinances. The right of appeal to the circuit court and trial by jury on such appeal are purely statutory. Ex parte Hall, supra; City of Birmingham v. Williams, 229 Ala. 101, 155 So. 877; Donahey v. City of Montgomery, 43 Ala.App. 20, 178 So.2d 832.

■ The mere fact that a city ordinance makes reference to a state law on the same subject does not prevent the case from charging a violation of a city ordinance. Offenses against a municipality and the state are distinguishable and wholly disconnected, and prosecution in each proceeds upon a different hypothesis. Perry v. City of Birmingham, 38 Ala.App. 460, 88 So.2d 577.

In *Perry*, supra, this court said:

"It is well settled that offenses against a municipality and the State ' "are distinguishable, and wholly disconnected, and the prosecution at the suit of each proceeds upon a different hypothesis. The one contemplates the observance of the peace and good order of the city. The other has a more enlarged object in view —the maintenance of the peace and dignity of the state." ' Costello v. Feagin, 162 Ala. 191, 50 So. 134, 135.

" 'The violation of a municipal ordinance or regulation is not a crime or criminal offense against the state, but only against the municipal corporation enacting the ordinance or regulation.' City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402, 405.

"This principle is illustrated by the rule that when an act is in violation both of a City ordinance and a State statute, a prosecution by one sovereign will not be a bar to a prosecution by the other. See Ala.Dig., Criminal Law, ☞201 for innumerable citations of authority.

" ' "Constitutional and statutory provisions, having reference to criminal prosecutions by the State, are not applicable for violation of municipal ordinances, unless otherwise provided by statute or constitutional provision." ' City of Mobile v. McCown Oil Co., supra."

In Costello v. Feagin, Judge, 162 Ala. 191, 50 So. 134, the Supreme Court said:

"But whatever view the text-writers may take, the question is not open for debate in Alabama. The case of Mayor of Mobile v. Allaire, 14 Ala. 400, involved the validity of an ordinance of the city of Mobile which undertook to punish, as for an offense against the municipality, an assault and battery, committed within the city. Collier, C. J., said: 'The object of the power conferred by the charter, and the purpose of the ordinance itself, was not to punish for an offense against the criminal justice of the country, but to provide a mere police regulation for the enforcement of good order and quiet within the limits of the corporation. So far as an offense has been committed against the public peace and morals, the corporate authorities have no power to inflict punishment, and we are not informed that they have attempted to arrogate it. It is altogether immaterial whether the state tribunal has interfered and exercised its powers in bringing the defendant before it to answer for the assault and battery; for whether he has been there punished or acquitted is alike unimportant. The offenses against the corporation and the state, we have seen, are distinguishable, and wholly disconnected, and the prosecution at the suit of each proceeds upon a different hypothesis. The one contemplates the observance of the peace and good order of the city. The other has a more enlarged object in view—the maintenance of the peace and dignity of the state.'

\*      \*      \*      \*      \*      \*

"A city ordinance is not a public law of the state, but a local law of a particular

corporation, made for its internal practice and good government. Moreover, if municipal cases before a mayor of a city or town were 'criminal prosecutions' in the sense of the Constitution, they would have to be carried on in the name of the state, and conclude 'against the peace and dignity of the same.' "

Title 7, Section 434, Code of Alabama 1940, provides:

"No objection must be allowed to the competency of a witness because of his conviction for any crime, except perjury or subornation of perjury; *but if he has been convicted of a crime involving moral turpitude, the objection goes to his credibility.*" (emphasis supplied).

■ This section applied only to convictions for violating state laws. In a long line of cases the Supreme Court and this court have held that Section 434, supra, has no application to convictions for violating city ordinances. Ramsey v. City of Huntsville, 42 Ala.App. 603, 172 So.2d 812; Norris v. State, 229 Ala. 226, 156 So. 556; Grammer v. State, 239 Ala. 633, 196 So. 268; Muse v. State, 29 Ala.App. 271, 196 So. 148 (petit larceny); Parker v. State, 280 Ala. 685, 198 So.2d 261; Gillman v. State, 165 Ala. 135, 51 So. 722.

The judgment of the Court below must be affirmed.

Affirmed.

ALMON, TYSON and DeCARLO, JJ., concur.

CATES, P. J., concurs in the result.

CATES, Presiding Judge (concurring specially).

I concur in the result, but only because I think that the municipal court cannot afford a jury trial to a defendant because under Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, a municipality cannot punish for an act which is also an offense against the State of Alabama.

Whether the punishment for a breach of an ordinance or by-law (not embracing a State misdemeanor) is serious enough to constitutionally warrant a jury trial would seem to depend on the schedule of punishments for different breaches.