[No. 4525.]

### NOLAND v. THE PEOPLE.

1. **Evidence—Testimony of Magistrate as to Ground of Decision.**
   It was not error to exclude the testimony of a police magistrate as to the grounds upon which he based his decision in a case tried before him.

2. **Cities and Towns—Violation of Ordinance—Former Acquittal.**
   An action brought by a city for the violation of an ordinance, is quasi criminal, and a plea of former acquittal should be determined by the rule applicable to criminal cases, rather than by the doctrine of res adjudicata, as applied to cases strictly civil.

3. **Same—Fire Limits—Moving Building.**
   Under an ordinance providing that no wooden building shall be moved into the fire limits of a city from any place beyond the boundaries thereof, nor moved from one place to another within such limits, a complaint charging a defendant with moving a wooden building upon a certain lot within the fire limits, without alleging whether such building was moved from without or from some place within the fire limits, is sufficient to sustain a conviction for moving such building from without the fire limits, and an acquittal under such complaint may be pleaded in bar to a subsequent complaint charging that the building was moved from a place beyond the boundaries of the fire limits.

*Error to the County Court of Boulder County: Hon. Junius Henderson, Judge.*

Mr. WM. B. OGDEN and Mr. J. R. WOLFF, for plaintiff in error.

Mr. CHAS. M. CAMPBELL and Mr. RICHARD H. WHITELY, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

Plaintiff in error was convicted in the county court of Boulder county for the violation of a city ordinance of the city of Boulder. In this case the complaint was filed on the 9th day of April, 1902, and in the complaint it is charged that Edward Noland, on or about the 1st day of March, 1902, violated section 3 of article 2 of an ordinance in relation to fires and the prevention thereof, "in the following manner, to-wit: He did move into the fire limits of said city from a place beyond the boundaries thereof a wooden building, and ever since has kept and maintained said wooden building within said fire limits."

Upon the trial the defendant pleaded a former acquittal; and, in proof of his plea, introduced the record of the police magistrate's court of the city of Boulder, showing that on the 1st day of March, 1902, upon the trial of a cause in which the city was plaintiff and he was the defendant, he was acquitted. The complaint upon which the defendant was tried before the police magistrate was filed on the 28th day of February, 1902, and charges a violation of the same section and article of the ordinance, "by placing upon or moving a wooden building upon a certain lot within, the city of Boulder and within the fire limits of the said city of Boulder."

The ordinance under which both complaints were filed is in part as follows: "Sec. 3. No wooden building shall be erected within the fire limits, nor moved into such limits from any place beyond the boundaries thereof, nor moved from one place to another within such limits."

The structure which the defendant is charged with having moved into the city of Boulder is an old street-car that he moved up from the city of Denver. It is now utilized by the defendant as a lunch-room,

and has been fitted up by him so that it will be suitable for such use. A great many questions are presented in the briefs, but counsel rely mainly upon the fact that the magistrate at the first trial found that the defendant was not guilty because the car which he moved into the city of Boulder was not a wooden building within the meaning of the ordinance. The magistrate who tried the case was called as a witness, but his testimony was excluded by the court upon the ground that it is contrary to public policy and convenience to permit a judge who has tried a case and decided it, to be called as a witness to state the grounds upon which his decision was based. Many authorities are cited by counsel for the plaintiff in error and for the city in support of their respective contentions that the structure is not, and that it is, a wooden building within the meaning of the ordinance. We shall not consider any of the questions presented except that raised by the plea of *res judicata,* except to state, in passing, that we are of the opinion that the county judge, in excluding the testimony of the magistrate as to the reasons which impelled him to discharge the defendant in the trial before him, was correct.

Although the action brought by the city is a civil action,—so determined by the decisions of this court, —it is, nevertheless, quasi criminal. The complaint filed is in the form of an information; the issue tried is guilty or not guilty; and we are of opinion that the sufficiency of the defendant's plea in bar should be determined by the rule applicable to criminal cases rather than by the doctrine of *res judicata,* as applied to cases strictly civil.

The rule as announced by Wharton at section 456 of Wharton's Criminal Pleading and Practice is, we think, applicable to this case.

"If the defendant *could* have been legally con-

victed on the first indictment upon proof of the facts claimed to constitute the offense, his acquittal (or conviction) on that indictment` may be successfully pleaded to a second indictment for the same offense; and it is immaterial whether the proper evidence were adduced at the trial of the first indictment or not. In other words, where the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, and where the offenses are substantially the same, the plea is generally good, but not otherwise."

It is conceded that but one offense was committed by the defendant. In the first complaint he is charged with having violated the ordinance "by placing or moving a wooden building upon a certain lot within the city of Boulder and within the fire limits of said city of Boulder." This charged an offense under the ordinance, and it was not necessary to aver either that he moved the building upon the lot from some place without the fire limits or from some place within them. The punishment is the same in either event, and the complaint was sufficiently specific.

It follows that he might have been convicted under the first complaint of the exact offense charged in the second, and that his plea in bar was therefore good.

The judgment will be reversed.

                                              *Reversed.*