CITY OF ST. PAUL v. SAM STAMM.[1]

November 6, 1908.

Nos. 15,795—(69).

**Free Lunch in Saloon.**

A municipal ordinance which prohibits the furnishing of food by licensed liquor dealers in connection with intoxicating liquors, and which prescribes punishment by a fine of not less than $25 nor more than $100, or by imprisonment for not less than thirty nor more than ninety days, defines a criminal offense, within the meaning of section 7, art. 1, of the constitution, which prohibits putting a person twice in jeopardy of punishment.

**Appeal by City.**

In such cases no appeal for any purpose lies on behalf of the municipal authorities from a judgment of acquittal.

[1] Reported in 118 N. W. 154.

106 M.—6

Upon complaint in the municipal court of St. Paul for violation of city ordinance No. 2724 entitled: "An ordinance regulating the sale of intoxicating liquors and licensed liquor dealers," by serving a free lunch in his saloon, defendant was acquitted, the court, Hanft, J., holding that the ordinance was unconstitutional. From the judgment entered, the city of St. Paul appealed. Appeal dismissed.

*J. C. Michael, Michael Doran, Jr., Frederick N. Dickson,* and *Herbert P. Keller,* for appellant.

*O. H. O'Neill,* for respondent.

LEWIS, J.

An ordinance of the city of St. Paul prohibits the furnishing of food by licensed liquor dealers in connection with intoxicating liquors or beverages, and the penalty prescribed is that upon conviction in the municipal court the offending party shall be punished by a fine of not less than $25 nor more than $100, or by imprisonment for not less than thirty days nor more than ninety days, for each offense. Respondent was arrested, tried, and acquitted in the municipal court of a charge of violating the ordinance, and the city appealed to this court from the judgment therein. The sole ground of the decision was that the ordinance was unconstitutional.

It will be unnecessary to consider the constitutionality of the ordinance, in view of the conclusion we have reached upon another question. Appellant conceded at the argument that, in case of reversal, respondent could not again be put upon trial for the same offense; but it was claimed that there were no constitutional restrictions upon an appeal from the judgment of acquittal for the purpose of having the constitutionality of the law determined in the court of last resort. If that is the object of the appeal, then the result would be to settle the constitutionality of the ordinance for the guidance of possible future litigation, and not to affect any substantial rights of the accused.

We agree with counsel that the offense defined by the ordinance is a criminal offense, within section 7, art. 1, of the constitution, which prohibits putting any person twice in jeopardy of punishment. People v. Miner, 144 Ill. 308, 33 N. E. 40, 19 L. R. A. 342; Village v. Westfall, 75 Mich. 603, 42 N. W. 1068. But it has long been settled in this state that, in the absence of legislative authority, no appeal

can be taken by the state in any criminal case. State v. McGrorty, 2 Minn. 187 (224). Section 684 of the charter of 1905 reads that the city may appeal cases to the district court, or to the supreme court; but it relates to civil cases only. Conceding that the legislature might properly confer upon the state the authority to secure the opinion of the court of last resort upon questions of law arising at the trial, before subjecting a party charged with crime to a final trial, we are clearly of opinion that such was not the effect of the clause in the charter above referred to.

Appeal dismissed.