# *Ex parte* State *ex rel.* City of Birmingham.

## *Mandamus.*

(Decided June 30, 1909.   Rehearing denied Dec. 16, 1909.
51 South. 309.)

1. *Jury; Right to Trial by; Municipal Ordinance.*—Since the right to trial by jury guaranteed by the Constitution extends only to those cases in which the right of trial by jury existed at the time of the adoption of the provision, it is competent for the legislature to declare that one charged with the violation of the city ordinance shall be tried by the court without the jury.

2. *Mandamus; Matters Determined; Validity of Ordinance.*— Where mandamus is sought to compel the court to proceed with the trial without a jury for the violation of a municipal ordinance, the validity of the ordinance cannot be inquired into.

Original petition in the Supreme Court.

Mandamus by the state on the relation of the city of Birmingham to compel the judge of the Jefferson Criminal Court to proceed to try one charged with the violation of the municipal ordinance without a jury. Mandamus awarded.

J. Q. SMITH, for appellant.—An offense against the municipal ordinance is only quasi criminal in nature. —*Camden v. Bloch,* 65 Ala. 236; *Goldthwaite v. Montgomery,* 50 Ala. 486; *Mobile v. Jones,* 42 Ala. 630. The guarantee of the Constitution extends only to those cases where there was a right of trial by jury existing at the time of its adoption.—*Bray v. The State,* 140 Ala. 172.

ALLEN & BELL, for appellee.—Under the facts in this case the sole question to be determined is whether a statute is constitutional and valid, or not, and hence,

[Ex parte State ex rel. City of Birmingham.]

may be determined on mandamus.—25 Cyc. 156. Judge Weaver acted when he refused to transfer the case to the nonjury docket, acted as a judge on a judicial matter, and the right of appeal then arose. It is, therefore, contended that the proceedings were void, and that his failure to act if he did fail, was a failure to act in a void matter wherein there was no duty upon him to act.—*Harlan v. State ex rel. Clark,* 136 Ala. 150; *Mitchell v. Florence Dispensary,* 134 Ala. 392; *Benners v. The State,* 124 Ala. 97.

DOWDELL, C. J.—This is an application for a writ of mandamus to compel the judge of the criminal court of Jefferson county, Ala., to have a certain cause, described in the petition, pending in said criminal court on appeal from the police court of Birmingham, wherein the city of Birmingham is plaintiff and one Otto Schunck (charged with the violation of a city ordinance) is defendant, placed upon the nonjury docket of said criminal court of Jefferson county, and to proceed to the trial of the same by the court without the intervention of a jury.

The question presented is whether the said Otto Schunck is entitled to a trial by jury. The precise question we here have was presented, considered, and determined in the recent case of *Costello v. Feagin,* 162 Ala. 191, 50 South. 134. Under the authority of that case the defendant, Otto Schunck, is not entitled to a jury trial on the charge of a violation of a city ordinance, and the duty rests upon the criminal court to proceed to his trial without a jury.

The question of the validity of the ordinance alleged to have been violated cannot be inquired into on this proceeding for a mandamus. The proper time to raise

such question will be upon the trial of the cause for the violation of the ordinance.

The peremptory writ of mandamus, as prayed, will be awarded.

Mandamus awarded.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.