155 So. 878

## CITY OF BIRMINGHAM v. WILLIAMS.
### 6 Div. 597.

Court of Appeals of Alabama.
June 27, 1934.

W. J. Wynn and Ralph E. Parker, both of Birmingham, for appellant.

Dan Trawick, Jr., of Birmingham, for appellee.

RICE, Judge.

This is an appeal by the city of Birmingham from an order or judgment overruling and denying its motion to set aside the verdict of the jury in appellee's favor, and the judgment of acquittal rendered thereon, in a prosecution begun by it against appellee in the recorder's court of said city for a violation of one of the city's penal ordinances, which prosecution, after resulting in a conviction of appellee in the recorder's court, was carried by her by appeal to the circuit court.

Apprehending, as we thought, after an examination of the record, that an affirmance by us of the judgment appealed from might be construed by some as an act giving verity to the remarks of the learned trial judge to the effect that so much of the act of the Legislature of Alabama approved August 20, 1915 (Gen. Acts Ala. 1915, p. 304), as is quoted in the next hereinafter included document was unconstitutional and void, we filed with the Supreme Court the said document, to wit:

"June 5, 1934.

"To the Honorable Supreme Court of Alabama,

"Sirs: It seems to us that the violation of the terms of a penal city ordinance is an 'offense' within the meaning of section 9 of the Constitution of 1901. 16 C. J. 282. And that a

trial therefor before a competent tribunal constitutes 'jeopardy of * * * limb.'

"And that to allow the city to appeal from a judgment of acquittal rendered on such trial would be, in effect, to allow the defendant so acquitted to, 'for the same offense, be twice put in jeopardy etc.' in direct violation of the said section 9 of the Constitution of 1901.

"It is therefore our opinion that so much of section 30 of the Act of the Legislature of Alabama approved August 20, 1915 (Gen. Acts Ala. 1915, p. 304) as provides as follows, to-wit:

" 'From the judgment of any court to which appeal shall be taken, or which heretofore has been taken from any recorder's court in any such city, the city * * * in any case may appeal to the Court of Appeals of the State of Alabama' is unconstitutional and void.

"We have a case pending in our court, towit, City of Birmingham v. Arlean Williams, 6th Div. 597, in which the holding by the circuit judge was in line with the views we have hereinabove expressed. If such views are correct his judgment should be affirmed by us; but this action would result in declaring the part of the Statute quoted above to be unconstitutional and void.

"Under the provisions of Code 1923, § 7322, we submit to you, for your decision, the question of whether or not the quoted excerpt from section 30 of the Act of the Legislature of Alabama approved August 20, 1915 is in violation of the Constitution of Alabama, as indicated, or otherwise.

"Very respectfully,

"C. R. Bricken,
"Presiding Judge.
"James Rice,
"Judge."

Following is the response received by us:

"To the Honorable Court of Appeals of Alabama.

"Responding to the above request, we respectfully submit the following as the opinion of this court:

"BOULDIN, Justice.

"The constitutional guaranty, 'That no person shall, for the same offense, be twice put in jeopardy of life or limb,' has generally been construed to protect a person once tried in a court of competent jurisdiction, and there acquitted of any criminal offense, felony, or misdemeanor, from being again tried for the same offense under the law of the same sovereignty.

"The genius and spirit of American institutions is said to lead to this liberal construction of this constitutional provision.

"With this view the decisions of this court are in full accord. Jackson v. State, 136 Ala. 96, 33 So. 888; Hurst v. State, 86 Ala. 604, 6 So. 120, 11 Am. St. Rep. 79; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; 16 C. J. p. 235, § 362.

"In some states this is expressly held to include offenses against city ordinances. Noland v. People, 33 Colo. 322, 80 P. 887; City of Portland v. Erickson, 39 Or. 1, 62 P. 753; City of St. Paul v. Stamm, 106 Minn. 81, 118 N. W. 154.

"In the view we take, it is not necessary to decide this question.

"For present purposes, it may be conceded that, if a person is tried before the recorder for an offense under a city ordinance and acquitted, he may not be again arrested and tried for the same offense.

"It may be further conceded that, where the right of appeal to the circuit court is a necessary procedure in order to protect the constitutional right of trial by jury, an acquittal on such appeal would be final. The citizen could not be required to surrender one constitutional right in order to preserve another.

"But it is fully settled with us that the constitutional right of trial by jury does not extend to trials under city ordinances. Costello v. Feagin, Judge, 162 Ala. 191, 50 So. 134; Ex parte State ex rel. City of Birmingham, 164 Ala. 576, 51 So. 309.

"The right of appeal to the circuit court and trial by jury on such appeal are therefore purely statutory.

"In such case we think a different principle governs.

"The party has already been duly convicted by a court of competent jurisdiction. The statute gives her a right of appeal and trial de novo to vacate such conviction. It is competent for the Legislature to prescribe the judicial proceedings following such appeal essential to her acquittal. The statute, in effect, declares that the verdict of acquittal on appeal is not final and unconditional, but subject to review on appeal by the city to the Court of Appeals.

"If acquittal is obtained in a trial infected with reversible error, the statute declares it subject to reversal and a new trial.

"Our conclusion is, therefore, the provision of section 30 of the act in question is not unconstitutional; that it was within leg-

islative competence in granting an appeal to prescribe the proceedings on and following the appeal; the party seeking the benefits of the statute takes them under the terms of the statute.

"ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur."

 It seems clear enough that "judgments appealed from, not reasons therefor, determine action of reviewing court." Nevill v. Parish Dem. Ex. Comm. for the Parish of Orleans, 7 La. App. 286; Alabama and Southern Digest, Title Appeal and Error, ☜854, 854(2).

So, here, the reason given by the trial court for denying appellant's motion above referred to—that the hereinabove quoted excerpt from the act of the Legislature of Alabama approved August 20, 1915, was unconstitutional and void—fails; but in our opinion the action taken, i. e., denying the motion, was correct.

Hence the judgment is affirmed.

Affirmed.