## STATE EX REL. FRANK L. KING v. E. J. RUEGEMER, AS JUDGE OF THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT, COUNTY OF TODD, STATE OF MINNESOTA.[1]

February 20, 1953.

No. 36,014.

*J. A. A. Burnquist*, Attorney General, and *Charles E. Houston*, Assistant Attorney General, for relator.

*Bradford & Kennedy*, for George Lehner.

KNUTSON, JUSTICE.

On October 8, 1951, William L. Thompson, county treasurer, and George Lehner, deputy treasurer, were indicted by a grand jury of Todd county of the crime of misappropriating money received by them as public officers. In March 1952 Thompson was tried and convicted. He was sentenced under M. S. A. 620.03.

On October 11, 1951, George Lehner was arraigned and entered a plea of not guilty. On October 13, 1952, with the consent of the court, he withdrew his plea and entered a demurrer to the indictment. The demurrer was overruled on November 6, 1952, whereupon the defendant moved the court to quash the indictment upon the ground that the indictment as to him charged the commission of a

[1]Reported in 57 N. W. (2d) 153.

crime under M. S. A. 620.01 and that that statute, as to him, is unconstitutional in that it denies equal protection of the law, which is contrary to U. S. Const. Amend. IV, and Minn. Const. art. 1, § 2. The trial court granted the motion to quash the indictment, ordered defendant discharged, and released the surety on his bail bond.

Upon application of the state, we issued our writ of certiorari to review the order of the district court quashing the indictment. Defendant now appears specially and moves that we quash the writ on the ground, among others, that the order of the trial court may not be reviewed by this court upon a writ of certiorari.

It must be conceded that in Minnesota the state has no right to appeal in a criminal case. Nor can questions of law be certified to this court without the consent of the defendant. M. S. A. 632.10 reads as follows:

"If upon the trial of any person convicted in any district court, or if, upon any demurrer or special plea to an indictment, or upon any motion upon or relating thereto, any question of law shall arise which in the opinion of the judge is so important or doubtful as to require the decision of the supreme court, he shall, if the defendant shall request or consent thereto, report the case, so far as may be necessary to present the question of law arising therein, and certify the report to the supreme court, and thereupon all proceedings in the cause shall be stayed until the decision of the supreme court shall have been made. The county attorney shall, upon the certification of any such report, forthwith furnish a copy thereof to the attorney general at the expense of the county. Other criminal, causes in such court involving or depending upon the same question may, if the defendants so request, or consent thereto, be stayed in like manner until the decision of the cause so certified."

Defendant has refused to consent to certification of the questions raised by the action of the court in quashing the indictment.[2] This

[2]There may be some doubt whether the question here involved may be certified to this court even with the consent of the defendant under our decision in State v. Johnson, 139 Minn. 500, 166 N. W. 123, discussed infra.

leaves for our consideration only the question of whether we may review such order of the trial court by certiorari.

In the early case of State ex rel. Ortloff v. Linton, 42 Minn. 32, 43 N. W. 571, we said with respect to the function of a writ of certiorari:

"* * * The office of this writ, which is in the nature of appeal, is to bring up for review the final determination of an inferior tribunal, which, if unreversed, would stand as a final adjudication of some legal right of the relator."

In the recent case of State ex rel. Kruse v. Webster, 231 Minn. 309, 313, 43 N. W. (2d) 116, 119, we said:

"We have often held that certiorari as used in this state is not the common-law writ, 'but rather a writ in the nature of certiorari.' It is employed strictly in the nature of a writ of error or an appeal. Its legitimate office is to review and correct decisions and final determinations of inferior tribunals. Its office is not to restrain or prohibit, but to annul. 1 Dunnell, Dig. & Supp. § 1391; State ex rel. Nordin v. Probate Court, 200 Minn. 167, 169, 273 N. W. 636, 637; Johnson v. City of Minneapolis, 209 Minn. 67, 295 N. W. 406; State ex rel. Ging v. Board of Education, 213 Minn. 550, 7 N. W. (2d) 544."

The right of the state to appeal, or review by writ of error, proceedings in a criminal case first came before this court in State v. McGrorty, 2 Minn. 187 (224). In that case the defendant was indicted by a grand jury. His demurrer to the indictment was sustained, and he was discharged. The state sued out a writ of error. On a motion to dismiss the writ, after considering the historic right of the state to appeal, we said (2 Minn. 191 [228]) :

"In view * * * of the want of authorities to show that, at common law, the state could bring an appeal or writ of error in a criminal case, the lack of any provision in our statute to authorize such proceedings, and of the ancient and well-settled maxim of law that 'Nemo bis debet vexari, pro una et eadem causa'—a maxim of justice as well as of humanity, and the force of which has been recog-

nized by all courts in which the rights of citizens are respected and protected, the court is clearly of opinion that neither an appeal nor writ of error in a criminal case can be brought on behalf of the people to this court."

This case was followed in City of St. Paul v. Stamm, 106 Minn. 81, 118 N. W. 154.

In State v. Johnson, 146 Minn. 468, 177 N. W. 657, the defendant was convicted of a felony and sentenced to a term of imprisonment in the state prison. After the time for appealing from the judgment had expired, defendant moved for a new trial on the ground of newly discovered evidence. The court granted the motion, but, being doubtful of its jurisdiction to do so, certified the cause to this court. We dismissed the certificate and the proceedings, saying (146 Minn. 469, 177 N. W. 657):

"* * * The trial court having granted the motion, there is an end of the matter. The state has no right of review either by appeal or certified case in criminal prosecutions."

In State v. Johnson, 139 Minn. 500, 166 N. W. 123, the defendant was indicted by the grand jury of Hennepin county. He demurred to the indictment, and the demurrer was sustained. With the defendant's consent, the court certified the case to this court so far as necessary to present the question of law arising on the demurrer. In dismissing the certification we said:

"The question whether an indictment states a public offense cannot be certified to the supreme court under G. S. 1913, § 9251, after the trial court has sustained a demurrer thereto. The order sustaining the demurrer ends the prosecution, unless the matter is ordered resubmitted to another grand jury."

Cases relied upon by relator are distinguishable from the one now before us. In State v. Byrud, 23 Minn. 29, the trial court attempted to certify a question to this court under L. 1870, c. 76, § 1, which for all practical purposes is identical with M. S. A. 632.10. The certificate of the trial court showed that defendant had consented to the certification. Here the defendant has refused such consent.

In State v. Billings, 96 Minn. 533, 104 N. W. 1150, the proceeding was dismissed for lack of jurisdiction. We held that the trial court had no power to certify a question arising in the midst of the trial, and said: "It must be either in the course of preliminary proceedings or upon conviction." We again recognized the necessity of defendant's consent, following State v. Loomis, 27 Minn. 521, 8 N. W. 758, saying:

"* * * In State v. Loomis, 27 Minn. 521, 8 N. W. 758, the reasons for the statute are stated: To enable a trial court, *with the consent of defendant,* before the trial of any issue upon the indictment, to procure for his guidance in subsequent proceedings a decision of any doubtful question, to save expense." (Italics supplied.)

In State ex rel. Robertson v. Steele, 117 Minn. 384, 135 N. W. 1128, which involved a writ of certiorari to review an order of the trial court directing the county attorney of Hennepin county to furnish a defendant indicted of arson a copy of evidence of the accused taken before a fire marshal, we said:

"* * * The order is not made in the trial of the criminal case against McGuirk, so that it may be said to be an interlocutory order, and, even if it were, no appeal would lie in behalf of relator upon final judgment."

Decisions from foreign jurisdictions are also not very helpful. The majority of the states of this country have, by statute, granted the state a limited right to review questions of law in criminal cases, at least where the defendant has not been placed in jeopardy. See, Annotation, 92 A. L. R. 1137.

Relator relies heavily on, and quotes extensively from, State v. Coleman, 58 R. I. 6, 190 A. 791, 109 A. L. R. 787. While some of the statements in the opinion in that case would seem to support relator's contentions, the case did not involve the questions now before us. Defendant there was arrested for illegally dredging quahaugs. When he was arrested the dredge was seized by the state police as evidence. Defendant made a motion for the return of the dredge to him. The court heard the motion and, without any evidence to sup-

port its action, granted the same. The state filed a petition for a writ of certiorari to review the action of the court, claiming that the court acted without jurisdiction or in excess of the jurisdiction conferred upon it by the Rhode Island statute. The court held that under these circumstances certiorari was available to the state. The gist of the court's decision is found in the following statement (58 R. I. 10, 190 A. 794):

"A writ of *certiorari* is an 'appellate proceeding', as the respondent calls it in this case, only in the sense that it issues from this court for the purpose of reviewing the action of an inferior court. It does not reach the merits of any judicial action by an inferior court taken in the exercise of jurisdiction possessed by such court, but generally concerns itself with the question whether, in taking such action, the inferior court acted without jurisdiction or in excess of jurisdiction."

While it is doubtful that the construction we place upon a writ of certiorari is the same as that placed upon it by the Rhode Island court, even if it were the same, it cannot be said that our trial court in passing upon a motion to quash an indictment is not acting within its jurisdiction. That is true even though the decision it renders may be legally unsound. It may be that the rule announced in the above case might be followed in a proper case on facts such as were before the Rhode Island court, but the decision is not authority on the facts now before us.

The general rule which we believe is applicable is stated in 24 C. J. S., Criminal Law, § 1661, as follows:

"While * * * the right of the state to a review in a criminal case is generally dependent on express constitutional or statutory provisions, in a few jurisdictions, in the absence of such authority, it is held that the state has the right to a review of judgments is [in] favor of accused, where the indictment has been quashed or held bad on demurrer. However, it is generally considered contrary to the principles of the common law for the state to review such a judgment in favor of accused; and according to the weight of

authority the state will be permitted to do so only where the power is expressly conferred by a constitutional or statutory provision, or arises by necessary implication, and then only in the instances specified and enumerated. The right of the prosecution to appeal from a judgment quashing an indictment or an information or sustaining a demurrer thereto exists in many jurisdictions by virtue of constitutional or statutory provisions, provided jeopardy has not attached. However, an appeal on a question of law to establish a precedent for future guidance of the courts has been permitted where jeopardy has attached at the time of the order quashing the indictment or sustaining a demurrer thereto, and, in a jurisdiction where the discharge of accused constitutes a final disposition of the case, where there has been such a discharge."

While we recognize that contrary authority may be found, we believe that we are already committed to the majority view. Our statute (M. S. A. 632.10) is also convincing evidence of a legislative policy which denies to the state the right of review in the absence of the consent of defendant. If the question presented here were one of first impression with this court and there were no statutory barrier, we might be inclined to the view that the state should have the right to review by certiorari an order or ruling of the trial court involving a question of law where the defendant has not been placed in jeopardy;[3] but the policy of this court in denying to the state the right to appeal or review in a criminal matter is now of such long standing that if it is changed it should be done by the legislature and not by the courts.

In view of our decision on the main issue, we need not consider other questions raised by the motion to dismiss.

It is our opinion that the order now before us may not be reviewed by certiorari, and the writ should be and is hereby quashed.

---

[3] As to whether defendant has been placed in jeopardy by dismissal of the indictment, see State v. Artz, 154 Minn. 290, 191 N. W. 605; Note, 7 Minn. L. Rev. 575. As to when a defendant has been placed in jeopardy, see Notes, 24 Minn. L. Rev. 522 and 34 Minn. L. Rev. 344.