# STATE v. RODNEY GENE BECKMAN.

209 N. W. 2d 402.

July 6, 1973—No. 44200.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, and *Gilbert S. Buffington,* Special Assistant Attorney General, for appellant.

*Keith, Healy & Collins* and *Lawrence T. Collins,* for respondent.

ROGOSHESKE, JUSTICE.

Defendant was charged in the county court of Olmsted County with driving while under the influence of intoxicating liquors in violation of Minn. St. 169.121. Before trial and in response to defendant's motion, the county court entered an order suppressing evidence of the results of a breathalyzer test taken by defendant after his arrest and of his prearrest incriminating admission that he had consumed intoxicants. The court reasoned that defendant's prearrest admission, which he made before receiving a Miranda warning, and the results of the test were illegally obtained evidence in violation of defendant's constitutional rights. The state appeals, asserting a right to have review by this court. We hold that, while an appeal from the county

court's suppression order is authorized by Minn. St. 632.11, it must be taken to the district court rather than to the supreme court.

Prior to 1967, the state was afforded no right of appeal in criminal cases. In 1967, when §§ 632.11, 632.12, and 632.13 were enacted,[1] the legislature by § 632.11 authorized limited appeals by the state from specified pretrial orders of all trial courts, including an order "suppressing evidence" when the suppression destroys effective prosecution of the offense charged by either an information in district court or a complaint in certain courts of limited jurisdiction. See, State v. Kinn, 288 Minn. 31, 178 N. W. 2d 888 (1970). It must be acknowledged, however, that in January 1973, when this appeal was filed, the statutory provisions governing procedures for the state's taking such appeals from orders issued by county courts were arguably incomplete or confusing. Indeed, the state's simultaneous perfection of an appeal in this case to both the district court and this court effectively demonstrates this legislative oversight, which has existed since the establishment of county courts by L. 1971, c. 951, now codified as Minn. St. c. 487. Minn. St. 1971, § 487.39, subd. 1, of the County Court Act, without distinguishing between civil and criminal cases, simply provides in part:

"An aggrieved party may appeal to a district court judge from a determination of a county court."

This provision and subds. 2 and 3 of § 487.39 contemplate a two-level appellate court review with the district court functioning as an intermediate reviewing court of the record of the county court and a final review of the district court's determination by the supreme court "with leave" of this court. That the legislature intended to establish what is regarded nationally as a traditional type of two-level review is further supported by § 487.39, subd.

---

[1] Ex. Sess. L. 1967, c. 7.

3, providing transitionally that only where the presiding judge of the county court is not a lawyer, the district court must hear the appeal de novo.[2] It cannot be doubted that the language and intent of § 487.39 and the relevant provisions of c. 487 authorize an appeal by any aggrieved party in a civil case and by a defendant convicted in a county court of a criminal offense. It also is now equally clear that appeals by the state authorized by Minn. St. 632.11 from a determination by a county court must be taken to the district court pursuant to § 487.39, for the 1973 Legislature added to the language of § 487.39, subd. 1, quoted above, the following (L. 1973, c. 679, § 36):

"* * * The provisions of this section govern all appeals from

---

[2] While Minn. St. 487.39 uses the phrase "a district court judge" rather than "district court," the choice of language is presumably without significance since constitutionally the "district court," and not the incumbent judge, is the proper designation of the reviewing tribunal. Minn. Const. art. 6, §§ 1 and 5. We are advised that the practice in at least one judicial district is to hear appeals on the record by a panel of three district court judges. Such multijudge review is surely not precluded by the language of § 487.39 and, in our opinion, would be desirable since it avoids the so-called one-appellate-judge decision and conforms more closely to the fundamental that the principal reason for appellate review is to have "several minds check the trial decisions made by one mind." Report of A. B. A. Section of Judicial Administration, Internal Operating Procedures of Appellate Courts (1961), p. 14. Moreover, where a two-level appellate review is provided, the intermediate court primarily performs the function of a case-reviewing court as distinguished from a law-developing court, the most significant role and function of a court vested with final review. Since it must be acknowledged that surprisingly little study has been made concerning the problems of criminal appeals in the United States, our statutory scheme, like that of other states, ought to be regarded as tentative, with improvements to be dictated by experience and agreement on the essential objectives to be achieved. See, A. B. A. Standards for Criminal Justice, Standards Relating to Criminal Appeals (Approved Draft, 1970), especially § 1.2 and commentary; Orfield, Criminal Appeals in America, especially cc. I, XII, and XIII.

the county court; appeal provisions of all other statutes are inapplicable except as stated in subdivision 3." [3]

Since it would indeed be an anomaly that all determinations of a county court in both civil and criminal cases are initially reviewable by the district court except an appeal pursuant to § 632.11 by the state in criminal cases, we have no hesitancy in reaching the conclusion that Minn. St. 1971, § 487.39, prior to the 1973 amendment, should be construed to require that the appeal in this case be taken to the district court. Our conclusion is supported by the inference to be drawn from the 1973 amendment and by the rules governing statutory interpretation, which we believe control. In conformance to such rules, we recognize not only that § 487.39, enacted in 1971, should prevail over any inconsistent provisions of the previously enacted sections, §§ 632.11, 632.12, and 632.13, [4] but also to arrive at any other interpretation would be to improperly ascribe to the legislature an intent approaching the "absurd" or "unreasonable." [5]

We are mindful that statutes governing appeals from the comparable municipal or county courts of Hennepin, Ramsey, and St. Louis Counties [6] permit direct appeals to the supreme court. However, we have recently held in City of St. Paul v. Hitzmann, 295 Minn. 301, 204 N. W. 2d 417 (1973), that variant criminal procedures in areas of population concentration do not violate the constitutional guarantee of equal protection since the "Equal Protection Clause relates to equality between persons as such rather than between areas." Salsburg v. Maryland, 346 U. S. 545, 551, 74 S. Ct. 280, 283, 98 L. ed. 281, 288 (1954).

While we agree with the state's argument that no language

---

[3] Because there still are 10 county court judges who are not licensed attorneys, the 1973 amendment preserved the requirement of a trial de novo by the district court where a county court judge is not "learned in the law."

[4] Minn. St. 645.26, subd. 4.

[5] § 645.17(1).

[6] Pursuant to L. 1973, c. 679, St. Louis County will be placed in the county court system established by Minn. St. c. 487.

of § 632.11 precludes an appeal to this court of the county court's order in question, we do not share the view that an intermediate review by the district court of the record of a county court will result in nonuniform or inconclusive decisions by district court judges. Rather, we express confidence in the ability of able district court judges, not only to perform the appellate function competently but to make determinations which, except in extraordinary cases where the law has not been clearly settled, will likely be accepted as final by the litigants. This hopefully will be the consequence especially if the review afforded can be had by a panel of district court judges who express the basis for their decision in writing not only for the purpose of aiding counsel in performing their responsibilities relative to further proceedings but also for aiding any final review requested of this court.

Pursuant to § 632.13, defense counsel is allowed $300 attorneys' fees for services performed in this proceeding.

Appeal dismissed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.