**STATE of Minnesota, petitioner, Appellant,**

v.

**Maurice WINGO, Respondent.**

**No. 48018.**

Supreme Court of Minnesota.

April 28, 1978.

Warren Spannaus, Atty. Gen., St. Paul, Harriet Lansing, City Atty., Thomas R. Hughes, Asst. City Atty., St. Paul, for appellant.

William E. Falvey, Ramsey County Public Defender, St. Paul, for respondent.

KELLY, Justice.

This is a prosecutorial appeal under Rule 28, Rules of Criminal Procedure. Pursuant to Rule 28.08, the state appealed to the district court from an order of the municipal court dismissing a misdemeanor prosecution against defendant. The district court dismissed the state's appeal on the grounds that Rule 28 violates both art. 6, § 3, of the Minnesota Constitution, and Minn.St. 480.059, subd. 1. We granted the state's petition pursuant to Rule 29.03 for permission to appeal the district court's order. We reverse and remand.

The procedural history [1] of this appeal begins in July 1975, when defendant was charged in municipal court with disorderly conduct in violation of Minn.St. 609.72. After defendant entered a plea of not guilty the municipal court set the case for a jury trial to commence on October 21, 1975. In the interim defendant was given a 6-month sentence in the Ramsey County workhouse for an unrelated robbery conviction, the sentence to commence on October 20, 1975. On October 20, but prior to reporting to the workhouse, defendant appeared in municipal court on another misdemeanor charge which was dismissed due to defendant's imminent workhouse sentence. Defendant then reported to the workhouse to begin

---

1. The procedural history is taken from defendant's brief. Since the state at oral argument did not object to defendant's statement of the procedural history, we assume it is correct.

serving his sentence. For reasons which are not clear from the record, defendant failed to appear for trial the next day, whereupon the municipal court issued a bench warrant for his arrest.

This bench warrant was served on defendant at the completion of his 6-month sentence. At that time defendant restated his plea of not guilty, and on April 20, 1976, defendant moved the court for an order dismissing the prosecution on the grounds that he had been denied his right to a speedy trial. On July 15, 1976, the municipal court ordered the charge dismissed.

On July 20, 1976, the state appealed pursuant to Rule 28.08, Rules of Criminal Procedure, the order of the municipal court to the district court. The matter was orally argued on June 13, 1977. On July 14, 1977, the district court dismissed the state's appeal. The grounds for the district court's action frame the issues on appeal: (1) Whether Rule 28, by enlarging the appellate jurisdiction of the district court, violates the "as prescribed by law" requirement of art. 6, § 3, of the Minnesota Constitution; and, (2) whether Rule 28 abridges a substantive right in violation of § 480.059, subd. 1, which authorized the supreme court to promulgate the rules of criminal procedure.

Preliminary to our discussion of the issues is a brief overview of the appellate process in Hennepin and Ramsey Counties both before and after the adoption of the criminal rules, so as to illustrate the limited nature of this appeal. Prior to the adoption of the rules, the statutes governing Hennepin and Ramsey County municipal courts permitted direct appeals to the supreme court,[2] while direct appeals from other county courts were prohibited. The latter appeals had to be taken first to district court.[3] See, *State v. Beckman,* 296 Minn. 443, 209 N.W.2d 402 (1973). Rule 28, by prohibiting direct appeals from county courts to the supreme court, aligned the procedure for Hennepin and Ramsey County municipal courts with that employed in other county courts. All prosecutorial appeals in misdemeanor cases first must be heard and decided by the district court. Rule 28.09, Rules of Criminal Procedure. Prosecutorial appeals from the district court to the supreme court can be had only through this court's granting application for leave to appeal. Rule 29.03, subd. 1(2), Rules of Criminal Procedure.

The adoption of the rules also affected the prosecuting authority's opportunity to appeal. Prior to the adoption of the rules, the prosecution's opportunity to appeal was limited to specifically appealable orders as defined in Minn.St. 632.11. Rule 28 and Rule 29 permit the prosecutor to appeal any adverse pretrial order, as opposed to the limitations of § 632.11.

It is apparent from the above discussion that the rules have enlarged the district court's appellate jurisdiction. It is also clear that the rules have enlarged the prosecuting authority's opportunities to appeal, while at the same time restricting the prosecuting authority's appeals initially to the district court rather than to this court. We do not agree with the district court, however, that these particular provisions of the rules violate art. 6, § 3, of the Minnesota Constitution or that this court exceeded its authority under the enabling legislation in implementing the foregoing changes.

The district court stated that the "power to create a substantive right of appeal in the District Court lies only in the Legislature pursuant to Article 6, Sec. 3, Minnesota Constitution." That section provides:

"The district court has original jurisdiction in all civil and criminal cases and shall have appellate jurisdiction *as prescribed by law.*" (Italics supplied.)

The district court ruled that the change in its appellate jurisdiction by court rule rather than by legislative enactment violated the "as prescribed by law" requirement.

---

2. Minn.St. 1976, § 488A.01, subd. 11 (Hennepin); Minn.St. 1976, § 488A.18, subd. 12 (Ramsey).

3. Minn.St. 487.39.

■ We believe, however, that the enabling legislation, § 480.059, is sufficient to satisfy the "as prescribed by law" requirement of the constitution. That legislation not only specifically authorized this court to promulgate the criminal rules,[4] but also authorized this court to modify or amend by rule any statute, with the exception of certain enumerated statutes.[5] Not included in that list of exceptions were statutes relating to prosecutorial appeals. Given this broad grant of authority, we conclude that the legislature implicitly authorized this court to amend the statutes governing criminal appeals from Hennepin and Ramsey County municipal courts to the district courts.

Our conclusion is reinforced by subsequent acts of the legislature. As required by § 480.059, subd. 7, we have indicated that Rules 28 and 29 supersede the above statutes, yet the legislature has chosen not to exercise its reserved power to "modify or repeal any rule" which has been adopted by this court. Section 480.059, subd. 8. In fact, the legislature has enacted legislation which substitutes provisions consistent with the appellate procedures implemented by the rules.

These revisions, to statutes governing district courts, county courts, and county municipal courts, clearly support our conclusion. By L. 1977, c. 432, § 13, the legislature amended Minn.St. 484.63 to allow *any* aggrieved party to appeal to the district court from a determination of a county court or a county municipal court as provided in Minn.St. 487.39. By L. 1977, c. 432, § 28, the legislature amended § 487.39 to specifically bring appeals from county municipal courts within the purview of the County Court Act.[6] Finally, L. 1977, c. 432, §§ 30 and 37, added appeals provisions to the statute governing the Hennepin and Ramsey County municipal courts which subjects appeals from the county municipal court to the district court to the provisions of §§ 484.63 and 487.39. For the foregoing reasons we conclude that Rules 28 and 29 do not violate art. 6, § 3, of the Minnesota Constitution.

■ The district court also held that Rule 28, by enlarging the prosecutor's opportunity to appeal to any pretrial orders and by restricting those appeals to the district court rather than to the supreme court, violates § 480.059, subd. 1, which contains the following proscription: "Such rules shall not abridge, enlarge, or modify the substantive rights of any person." The district court took its premise that the right of appeal is a substantive right from our decision in *In re Appeal of O'Rourke,* 300 Minn. 158, 175, note 11, 220 N.W.2d 811, 821 (1974). Where such a right exists, the district court may be correct in its statement, but it is incorrect in its interpretation of *O'Rourke.*[7] The basic thrust of *O'Rourke* is that this court has constitutionally independent authority to review determinations by the other state courts and that we need not grant an appeal of right to every aggrieved litigant.[8] It is also clear from *O'Rourke*

4. The pertinent language of Minn.St. 480.059 reads as follows: "The supreme court shall have the power to regulate the pleadings, practice, procedure, and the forms thereof in criminal actions in all courts of this state, by rules promulgated by it from time to time."

5. Section 480.059, subd. 7.

6. Minn.St. c. 487.01.

7. Note 11 of *In re Appeal of O'Rourke,* 300 Minn. 158, 175, 220 N.W.2d 811, 821 (1974), reads as follows: "It may well be that the legislature, in creating a substantive right by statute, may, as an element of that substantive right, circumscribe the adjudication of that right more strictly than in other cases, subject to constitutional requirements of due process.

We do not burden this opinion with any view of such special situation."

However, by "substantive right" we were not referring to a "right of appeal." Rather, note 11 amplified a statement in the text that the legislature by regulation could not deny this court its constitutionally independent appellate authority to review whatever this court deems necessary.

8. This independent authority is provided by the following language: "[The supreme court] shall have original jurisdiction in such remedial cases as are prescribed by law, and appellate jurisdiction in all other cases * * *." Minn. Const. art. 6, § 2. See, *In re Appeal of O'Rourke,* 300 Minn. 158, 162, 220 N.W.2d 811, 814.

that, while the legislature may enact reasonable regulation of the conditions under which this court's jurisdiction shall be invoked, i. e., limiting appeals "as of right" to stated kinds of orders and judgments, these regulations are recognized as a matter of comity.[9] Appeals pursuant to statutes are rights granted to litigants by the legislature, not limitations on the appellate jurisdiction of this court. *Ginsberg v. Williams,* 270 Minn. 474, 135 N.W.2d 213 (1965). Nor can the legislature prohibit or require this court to exercise its appellate jurisdiction. *In re Appeal of O'Rourke, supra.* It is incorrect then to speak of a right to appeal in the context of a civil case except and unless that right exists by reason of comity or some rule of this court. For the reasons that follow, we hold that the same statement applies to prosecutorial appeals.

The district court aptly noted that we have employed language prohibiting prosecutorial appeals unless expressly authorized by statute. See, e. g., *City of St. Paul v. Halvorson,* 301 Minn. 48, 221 N.W.2d 535 (1974); *City of St. Paul v. Landreville,* 301 Minn. 43, 221 N.W.2d 532 (1974). However, a review of the decisions upon which that statement is based, the most recent being *State ex rel. King v. Ruegemer,* 238 Minn. 440, 57 N.W.2d 153 (1953), persuades us that the reasoning employed in *O'Rourke* applies with equal force here.

In *Ruegemer* the issue was whether a trial court order quashing an indictment could be reviewed in this court upon application of the state for a writ of certiorari. After conceding that the state had no right of appeal, we stated:

"* * * If the question presented here were one of first impression with this court and there were no statutory barrier, we might be inclined to the view that the state should have the right to review by certiorari an order or ruling of the trial court involving a question of law where the defendant has not been placed in jeopardy; *but the policy* of this court in denying to the state the right to appeal

or review in a criminal matter is now of such long standing that if it is changed it should be done by the legislature and not by the courts." (Italics supplied.) 238 Minn. at 446, 57 N.W.2d at 156.

Cf. *In re Appeal of O'Rourke,* 300 Minn. 158, 169, 220 N.W.2d 811, 818.

The foregoing discussion clearly indicates that we could review prosecutorial appeals independently of any statutory authorization. However, like civil appeals, the legislatively imposed restrictions on prosecutorial appeals were recognized as a matter of policy, based upon comity, and not as a limitation on this court's jurisdiction to grant appellate review. It therefore follows that, with the authority given us by the legislature to promulgate the rules, we can direct that prosecutorial appeals first be heard in the district court and that appeals would be from any pretrial order rather than the specifically enumerated grounds of the statute. Viewed in this light the criminal rules do not abridge, enlarge, or modify that right of appeal in a broad sense but merely prescribe a different manner of exercising that right by first requiring a different court to initially hear the appeal. The rules specifically allow the prosecuting authority to petition this court for permission to appeal the district court's determination.[10] Thus, the rules do not abridge the prosecutor's possibilities for appeals to this court.

■ We are not persuaded that the state's right of appeal is a substantive right as that phrase is used in the enabling legislation. As we have pointed out, litigants have no right to appeal to this court; instead, this court has the power to accept or reject appeals. It follows that if the state has any "right" to appeal, it is only because this court has granted such a right by its rules or by comity in accepting legislative enactments creating the same. If the litigant has no right to have an appeal heard in this court, appeals are merely procedural devices by which this court's attention is

9. *In re Appeal of O'Rourke,* 300 Minn. 158, 163, 220 N.W.2d 811, 815.

10. Rule 29.03, Rules of Criminal Procedure.

directed to the litigation with a view to granting or denying a review. We are convinced that by substantive rights the legislature was referring to statutes which declare what acts are crimes and prescribe punishment for their violation, rather than statutes which regulate the steps by which the guilt or innocence of one who is accused of violating a criminal statute is determined. These steps smack of procedural devices rather than substantive rights.[11] This seems especially true when the word substantive is used to describe the nature of an opportunity to appeal by the state in a criminal proceeding. All the state gains in being given an opportunity to appeal is a chance to be heard and the possibility of a favorable ruling on some facet of a criminal case. Where its appeal is to the district court from the county court, even a favorable ruling is not final as there is the possibility of appeal by any party to this court.[12] Our conclusion is reinforced by the enabling legislation as amended. The amendment provided that the rules would have the force and effect of statutes, and if a rule conflicted with a statute, the rule would supersede the statute. The legislature then limited statutes which this court could not alter by rule, among them being statutes defining criminal acts and prescribing punishments.[13]

Defendant argues on appeal that Rule 28 violates an additional substantive right to have the supreme court retain jurisdiction over a prosecutorial appeal for only 6 months.[14] Defendant's argument is based on Minn.St. 632.13(6), superseded by the rules, which required that the supreme court hear an appeal within 6 months of entry of the order staying the proceedings in the lower court. In the instant case, the lower court issued its order dismissing the charges against defendant on July 15, 1976. The prosecution filed its appeal with the district court on July 20, 1976. The case was then heard by the district court on June 13, 1977, well beyond the 6-month time limitation had the appeal been heard before the supreme court. Defendant points out that Rule 28 contains no similar time limitations. Therefore, the defendant argues, relying on *City of St. Paul v. Hurd,* 299 Minn. 51, 216 N.W.2d 259 (1974), wherein this court stated that the 6-month time limitation was intended to guarantee the constitutional right to a speedy trial rather than to establish a procedure for the court

---

**11.** Perhaps the procedural nature of the right to appeal in the context of this case can be illustrated by an analogy to the United States Supreme Court's characterization of statutes of limitation in *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945). There the issue was whether retroactive application of legislation, the effect of which deprived the defendant of a statute of limitations defense, violated the due process clause of the Fourteenth Amendment. The court, in ruling that the restoration of a remedy lost through the mere lapse of time was not a per se violation of the Fourteenth Amendment, employed as a matter of constitutional law the hypothesis that statutes of limitation go to matters of remedy, not to destruction of rights. Analogously the right of appeal involved here is remedial in that it allows a review of the propriety of an order that may or may not have involved a substantive right.

Distinguishing between substantive rights and procedural rights is not an easy task. See, e. g, *Sibbach v. Wilson & Co.* 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941); *Chase Securities Corp. v. Donaldson, supra.* Cf. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). We need not intimate any view on the subject, for we are convinced that the legislature did not intend substantive rights, as used in the enabling legislation, to include appeals in misdemeanor cases.

**12.** Ordinarily a defendant may appeal only from any final judgment or, in felony and gross misdemeanor cases, certain specified orders. Rule 29.02, subd. 2, Rules of Criminal Procedure. Nevertheless we may, upon defendant's petition, allow an appeal from an order not otherwise appealable. Rule 29.02, subd. 3, Rules of Criminal Procedure.

**13.** See, e. g., Minn.St. 480.059, subd. 7(a), (g). But, see, § 480.059, subd. 7(b).

**14.** Defendant also argues that Rule 28 abridges his substantive right to argue the merits of an appeal before more than one judge. Defendant's argument is premised on the common practice that appeals before the supreme court are commonly heard before a panel of justices or en banc. Defendant's underlying premise, that he is entitled to an oral argument, is faulty. Cases must first be set for oral argument before a litigant is entitled to a division or en banc hearing. See, Rules 134.07 and 135, Rules of Civil Appellate Procedure.

to follow, that Rule 28 denied defendant his substantive right to a dismissal.

We think the foregoing discussion disposing of the trial court's contention that an appeal is a substantive right applies with equal force to defendant's argument. Like statutes limiting appeals as of right to stated kinds of orders and judgments, we recognized as a matter of comity the 6-month time limitation in Minn.St. 632.13(6). While we did say that the 6-month time limitation was intended to guarantee the constitutional right to a speedy trial, we plainly did not say that expiration of the time limitation constituted a denial of that constitutional right. Nor did the running of the time period have the effect of a finding that a defendant had been denied a right to a speedy trial. Even if the time period for hearing the appeal had expired, defendant was not entitled to a dismissal. Rather, the trial court was required to proceed with the case as if no appeal had been taken. This is not to say, however, that defendant in this case has received a speedy trial.

The trial court originally ordered the disorderly conduct charge dismissed because of unnecessary delay in prosecution. However, because the case must be reversed and remanded to the district court for consideration of the merits of the state's appeal, we do not reach that issue. We do not hesitate to point out, however, that over 2 years have elapsed since defendant's arrest, and still no trial has taken place. We are mindful that, while some of the delay may be attributable to defendant's failure to appear at trial, the majority of the delay has occurred in the judicial system. Unexplained is the delay between the filing of the state's appeal and the hearing before the district court. Under the circumstances of this case it is difficult to conceive how defendant's right to a speedy trial has not been violated.

The case is reversed and remanded for determination not inconsistent with this opinion.

OTIS, Justice (dissenting).

I would vacate the decision of the district court, hold that it is not necessary to pass on the constitutional question, and affirm so much of the district court judgment as affirms the county court dismissal. We have no occasion to decide the constitutional question, in my opinion, and it is therefore dictum.

ROGOSHESKE, Justice (dissenting).

While I disagree with the district court's conclusion that Rule 28 is constitutionally impermissible and its refusal to review the merits of the county court's dismissal of the misdemeanor charge, I find no proper justification for addressing the basis for the district court's conclusion, upon a theory neither espoused nor supported by either party before that court, and further in view of subsequent legislative enactments. In my opinion, we should dismiss the appeal to this court as improvidently granted. The effect would be to reinstate the county court's dismissal of the misdemeanor charge on the ground that defendant was denied a speedy trial, a disposition surely compelled by this record.

WAHL, Justice (dissenting).

I respectfully join the dissent of ROGOSHESKE, J.