BOOKOUT, Judge.
The appellee was convicted in the Birmingham Municipal Court on two charges of operating a wrecker without a permit and one charge of carrying a concealed weapon in a vehicle; all of which arose out of the same incident. He duly appealed to the circuit court for a trial de novo. In circuit court the trial judge suppressed the evidence concerning the search of the vehicle appellee was driving and the seizure of the pistol in question and dismissed the concealed weapon charge. A jury acquitted the appellee on the wrecker permit charges. The City of Birmingham now attempts to appeal the acquittal and dismissal to this court pursuant to Title 62, § 693, Code of Ala. 1940.
It is the contention of the city that although Title 62, § 693, does not appear in the 1975 Code of Alabama that it was not repealed by the recodification of the Code. The city contends that § 1-1 — 10, Code of Ala. 1975, provides that existing statutes which apply to one or more counties or municipalities on the basis of population are not repealed. The city therefore contends that Title 62, § 693, supra, is still alive and well and that the case of City of Birmingham v. Williams, 26 Ala.App. 200, 155 So. 878 (1934), is still controlling.
In Williams the court of appeals certified to the supreme court the question of whether the City of Birmingham could appeal to the court of appeals the acquittal of a city defendant in a circuit court trial de novo. The supreme court answered that such an appeal was permissible pursuant to a 1915 act of the legislature which was later codified as Title 62, § 693, supra. The supreme court held that the right of appeal from municipal court to circuit court is purely statutory and therefore when a defendant *450 appealed his conviction to circuit court he did so subject to the statutory right of the city to appeal from an adverse decision in the circuit court. The supreme court there stated that “[t]he statute, in effect, declares that the verdict of acquittal on appeal is not final and unconditional, but subject to review on appeal by the city to the court of appeals.”
The city has not taken into consideration on the instant appeal that there has been a complete overhaul of the judicial system in Alabama since the 1940 Code was compiled. Amendment 328 to the Constitution of Alabama 1901, commonly known as the Judicial Article, was proclaimed ratified on December 27, 1973. The Judicial Article revamped the entire judicial system in this state. The legislature carried out the constitutional mandate to create a uniform judicial system by passage of what is known as the Judicial Implementation Act, Act. No. 1205, Acts of Alabama 1975, approved October 10, 1975. The Implementation Act became effective on that date and repealed all laws or parts of laws which were in conflict with its provisions.
The Implementation Act, now codified in Title 12 of the Code of Ala. 1975, specifically regulates “all appeals from judgments of municipal courts” to the circuit courts in this state. All appeals from municipal courts to circuit courts and then to this court are governed now by §§ 12-14-70, -71, and 12-22-110, et seq., Code of Ala. 1975, as amended. Section 12-14-71 provides for an appeal from the judgment of a circuit court by a municipality only in a case where a municipal ordinance was held to be invalid. The Implementation Act does not provide for an appeal by a municipality from a circuit court acquittal of a city defendant.
Pursuant to § 6.03(a) of Amendment 328 to the Alabama Constitution (the Judicial Article), “the court of criminal appeals . . . shall exercise appellate jurisdiction under such terms and conditions as shall be provided by law and by rules of the supreme court.” Our appellate jurisdiction in this instance is therefore governed by Code § 12-14r-71, supra, which limits the municipality’s appeal here from circuit court to only those cases where a municipal ordinance was held to be invalid.
As to the city’s contention that because Title 62, § 693, was not repealed by the 1975 Code and was in fact retained via § 1-1-10 of that Code, we find that Title 62, § 693, was not in existence at the time the 1975 Code became effective. We find that on October 10, 1975, the legislature repealed § 693 of Title 62, supra, by enactment of Act No. 1205, § 18-102. Section 1-1-10, Code of Ala. 1975, upon which the city relies, did not become effective until the 1975 Code was enacted by Act No. 20, Acts of Alabama 1977 (approved February 15, 1977) and proclaimed to be effective October 31,1977. See Proclamation by the Governor, Vol. 1, page vi, Code of Ala. 1975. As § 693 of Title 62, supra, had been repealed on October 10, 1975, it was not in existence on October 31, 1977, the effective date of the 1975 Code.
We therefore find no authority currently in existence for the city to appeal the instant acquittal and dismissal of appellee to this court. We likewise find no authority in the law for this court to assume jurisdiction in the proposed appeal.
APPEAL DISMISSED.
All the Judges concur.